**ATLANTIC ENTERPRISES, INC.,**
Plaintiff,

v.

**NATIONAL EQUIPMENT RENTAL,
LTD., Defendant.**
Civ. No. C-200-62.

United States District Court
D. Puerto Rico,
San Juan Division.
Sept. 13, 1962.

Antonsanti, Torruella & Segal, San Juan, P. R., for plaintiff.

Rodriguez-Ema & Rodriguez-Ramon, Rodolfo Sequeira and Nicholas Jimenez, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

The motion of the defendant National Equipment Rental, Ltd. requesting that the action arising from the amended complaint of July 19, 1962, herein, be dismissed because (1) this Court has not acquired personal jurisdiction over said defendant inasmuch as it has been summoned through an alleged agent which is not such; and (2) the proper venue in this action is not Puerto Rico, but either Delaware, where said defendant was incorporated, or New York, where it is said to be doing business; came up for final hearing on August 31, 1962.

A similar motion, addressed to the original complaint, had been previously the subject of discovery measures and extensive argument and written memoranda.

I have given full consideration to the pleadings, affidavits, interrogatories and answers thereto, other exhibits, memoranda and the deposition of Rafael Machargo del Rio much discussed and relied on by counsel in said memoranda, and I am now duly advised in the premises.

No doubt the minimal contacts which are basical in determining, under International Shoe Co. v. State of Washington, et al., 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95, whether a defendant has been doing business in the place where the action is brought, are amply present in this action.

See also: McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, where, though one particular state statute was involved, the court reiterated its International Shoe Co. v. Washington, supra, holding.

■ As regards the first ground of defendant's motion, I find that there is ample support in the documents considered in connection with the present ruling on said motion, to find and conclude that Caribbean Investment and Leasing Corporation on whom service of the summons was made, was a corporate agent of the defendant in Puerto Rico qualified to receive service in its behalf, pursuant to Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ Caribbean Investment and Leasing Corporation, according to Machargo's deposition was "authorized to conduct a series of transactions involving a continuity of service", and was thus a general agent of defendant.

See: Schwartz v. District Court, 73 P.R.R. 800, at pp. 813–814.

Even if Caribbean Investment and Leasing Corporation were not such an agent and the service of the summons on it failed to satisfy the provisions of Rule 4(d) (3) of the F.R.Civ.P. still there is basis in the record and the local law to find and hold that the Court has acquired personal jurisdiction over the defendant.

■ Under Sec. 2207, Title 14 L.P. R.A. when legal process against a corporation cannot by due diligence be served upon any person authorized to receive it, such process, including the complaint, may be served in duplicate upon an official of the Department of State of the Commonwealth of Puerto Rico, designated by the Secretary of State for that purpose, which service shall be effectual for all purposes of law.

At the request of the plaintiff, an additional summons was issued herein on June 5, 1962, and this was served by a Deputy United States Marshal on Jorge Morales Yordan, Acting Secretary of State of the Commonwealth of Puerto Rico on the 13th of June 1962, pursuant to the aforesaid provisions of Sec. 2207, Title 14 L.P.R.A.

This being a substituted service on "other agent authorized by * * * law to receive service of process", it complied with the provisions of Rule 4(d) (3) and (7) of the F.R.Civ.P. and was, therefore, valid.

This Court has already had the opportunity of passing on the questions raised by defendant's motion, having decided these adversely to defendant's contentions.

See: Commonwealth Oil Refining Co. v. Houdry Process Corp., D.C., 185 F. Supp. 485.

The second ground of defendant's motion rests on the question of doing business which has been decided adversely to said defendant above.

█ This being a civil action wherein jurisdiction is founded only on diversity of citizenship it may be brought only in the judicial district where all plaintiffs or all defendants reside. See Title 28 U.S.C.A. § 1391(a).

█ As the only plaintiff herein is a corporation residing in Puerto Rico, Puerto Rico is a proper venue for the action.

Indeed under Subparagraph (c) of said Title and Section, a "corporation may be sued in any judicial district in which it is * * * doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

I have already found that the defendant is doing business in Puerto Rico.

Thus, the second ground of defendant's motion is without merit.

Defendant's said motion to dismiss must be and is hereby ordered denied in its entirety.