W. R. HICKS, Jr., and Ray Bergeron, co-partners, doing business under the firm name and style of W. R. Hicks & Co., a partnership, Plaintiffs,

v.

CRANE CO., a corporation, and W. H. L. Corporation, a corporation, Defendants.

Civ. No. 63–436.

United States District Court
D. Oregon.

Nov. 18, 1964.

Philip Levin, Pozzi, Levin & Wilson, Portland, Or., for plaintiffs.

Milton C. Lankton, Black, Kendall, Tremaine, Boothe & Higgins, Portland, Or., for defendants.

EAST, District Judge.

The pretrial order herein reveals that:

The plaintiffs (Hicks), citizens of Oregon, "contracted with Willoughby Refrigeration of Gresham, Oregon (Willoughby) for the installation in (Hicks' store) of a certain heating and air-conditioning system manufactured by the defendant \* \* \*" (W.H.L.);

In connection with the purchase of the system, W.H.L. caused to be delivered to Hicks certain warranties in writing;

This action arises out of alleged defects in the system and its functioning and resulting breach of warranties; and

Service of summons upon W.H.L. was had in California, as prescribed in O.R.S. 15.110, and personal jurisdiction in this Court over W.H.L. is claimed by virtue of O.R.S. 14.035.

The pretrial order segregates the joined issue of jurisdiction, and, following evidentiary hearing by the Court, these pretrial issues are now presented:

Does this Court have jurisdiction over the person of W.H.L. under the provisions of O.R.S. 14.035?

a) Did the acts of W.H.L. constitute the "transaction of business" within the State of Oregon within the meaning of O.R.S. 14.035?

b) Does this cause of action arise out of any act of W.H.L. which constitutes the "transaction of business" in Oregon?

c) [Unnecessary to consider in view of the Court's holding.]

d) Do the acts referred to in O.R.S. 14.035 include acts which occurred prior to its effective date?

e) If this Court is held to have jurisdiction over the person of W.H.L. by virtue of the provisions of O.R.S. 14.035 under the present circumstances, does said statute as so applied violate the Due Process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States?

O.R.S. 14.035 provides, *inter alia:*

"(1) Any * * * corporation whether or not a citizen or resident of this state, who, * * * through an agent, does any of the actions enumerated in this subsection, thereby submits such person * * * to the jurisdiction of the courts of this state, as to any cause of action * * * arising from any of the following:

"(a) The transaction of any business within this state;

"(b) [Here follow sections not pertinent.]

"(2) Service of summons * * * may be made * * * in the manner provided in ORS 15.110."

I find from the admitted facts and the evidence that:

Hicks first approached Willoughby concerning a heat pump installation;

Willoughby contacted one Paulus, an officer of W.H.L. in California, who personally came to and advised with Hicks and Willoughby in Oregon concerning the product of W.H.L., which is now the *offending subject matter of the action;*

The statements and sales offering generally made by Paulus in Oregon to Hicks were major facets of inducement to obtain the W.H.L. equipment for installation by Willoughby in the contemplated Hicks' store;

W.H.L. prepared the plans of the equipment to be installed in the Oregon store in California, caused the equipment so planned and specified to be shipped to Oregon for installation, and the alleged letter of warranty was prepared by W.H.L. in California and forwarded to Oregon as a part of and in parcel with the Oregon installation;

During the course of installation, W.H.L.'s manufacturers representative from Seattle visited the installation job in Oregon and lent at least a manufacturer's interest in, or advisory supervision over, the installation; and

At least one repairman of W.H.L. came to Oregon upon completion and worked on the ill-functioning equipment.

No good purpose will be served at this late date by an analysis of the rapidly growing jurisprudence among the state and federal courts surrounding these relatively modern extra-territorial personal jurisdiction statutes aimed at calling a visitor back to a given forum to clean up his muddy tracks. I only refer the reader to the teachings of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), wherein we learn that a traveling nonresident shall personally answer in a state in which he had certain minimum contacts, such that the maintenance of an action resulting and growing out of these contacts does not offend "traditional notions of fair play and substantial justice." For specific application to respective factual situations reasonably close to the situation here, see Executive Properties, Inc. v. Sherman, 223 F.Supp. 1011 (D.Ariz. 1963); Kropp Forge Co. v. Jawitz, 37 Ill.App.2d 475, 186 N.E.2d 76 (1962); National Gas Appliance Corp. v. AB Electrolux, 270 F.2d 472 (7th Cir. 1959).

Under the above advice, I conclude that the above-delineated activities of W.H.L.'s agents within Oregon were "purposeful acts" (L. D. Reeder Con-

tractors of Arizona v. Higgins Industries, Inc., 9 Cir., 265 F.2d 768) within Oregon and that:

a) Such acts are sufficient to constitute the "transaction of business" in the State of Oregon within the meaning and purview of O.R.S. 14.035 (Pretrial order issue (a));

b) The plaintiffs' alleged cause of action has its roots in and arose out of such "transaction of business" within Oregon by W.H.L. (Pretrial order issue (b)).

■■ I further conclude that as a matter of law the operation of O.R.S. 14.035 as a procedural statute is retroactive in application to causes of action arising prior to its effective date (Pretrial issue (d)), and the statute so applied does not violate due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution (Pretrial issue (e)). Executive Properties, Inc., supra.

W.H.L. makes no showing that the prosecution of this diversity action in this Court offends "traditional notions" of or denies it "fair play and substantial justice," except that its native State of California would offer it a shorter statute of limitations than does the visited State of Oregon. I hazard that the element of selecting one length of limitation over another is not a facet of fair play or substantial justice. No doubt the espousing by a given forum of a shocking, unconscionable, or outrageously shorter or longer period of limitation could amount to an outrage of fair play and substantial justice, as recognized by American judiciaries; however, the disparity between the six-year limitation in Oregon and the four-year statute in California does not appear to me to be such an outrage. After all, W.H.L. came to Oregon with its product, and it should answer here. Furthermore, all of the elements for the ease and facilitation of trial outlined in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), cited in L. D. Reeder

Contractors of Arizona, supra, are present in Oregon and not in California.

W.H.L.'s attack on the jurisdiction of this Court over its person must fail.

Counsel for Hicks should submit appropriate order in conformity herewith.