HORN CONSTRUCTION, INC. *v.* STRAN-STEEL CORPORATION

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE NO. 93026

Memorandum filed November 12, 1965

*George A. Downing,* of Manchester, for the plaintiff.

*Day, Berry & Howard,* of Hartford, specially for the defendant.

MIGNONE, J. The defendant is a Michigan corporation which does not have an office in this state nor has it done business within the state. It was served with the complaint by resort to the provisions of § 33-411 (b), (c) and (d) of the General Statutes by having the secretary of state address a copy of the complaint to the corporate office of the defendant as shown in the official registry of the state of its incorporation. The defendant appears specially herein to file a plea in abatement and to the jurisdiction attacking the validity of § 33-411 to give in personam jurisdiction over it in this court. The plaintiff has demurred to the defendant's plea in abatement, thereby raising the legal issue as to the legal validity and constitutionality of § 33-411 (c). The complaint alleges that the plaintiff had a franchise agreement with the defendant pursuant to which the defendant provided plans and materials to the plaintiff for the construction of certain buildings in Connecticut. It alleges that the defendant was negligent in providing inadequate specifications and failed to provide adequate and

suitable materials. It further alleges a breach of the franchise contract as a result thereof.

The plaintiff has submitted a comprehensive memorandum addressed to the legal issue involved, i.e., can this court exercise valid in personam jurisdiction over the defendant foreign corporation in the light of its remonstrance that it does not do business and has no office within this state? The plaintiff bases its claim of valid jurisdiction in compliance with our state statute on the claim of adequate adherence to the essential requisites laid down in the leading case on in personam service decided by the United States Supreme Court—*International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945). This state does have an appropriate statute (§ 33-411) which (a) authorizes the exercise of jurisdiction by its courts over a foreign corporation and (b) provides for an effective method of service to give notice to the foreign corporation of the pendency of the action.

The main thrust of the defendant's claim would appear to be that the "minimum contacts" test, referred to in the *International Shoe* case, supra, 316, with this state, which is a prerequisite to proper applicability of § 33-411, has not been met. The *International Shoe* case blazed the path with a newly liberalized and more realistic test of a foreign corporation's "contacts" with a state, putting stress upon the nature and quality of those contacts— rather than by quantitative measurement thereof. The plaintiff's brief makes reference to a number of recent cases which have followed the path of the *International Shoe* case to give further body to the "minimum contacts" theory. In *McGee* v. *International Life Ins. Co.,* 355 U.S. 220 (1957), the sole act of mailing a reinsurance certificate to a California policyholder was deemed a sufficient contact

to give California courts in personam jurisdiction over a Texas insurance company. See also *Gray* v. *American Radiator & Standard Sanitary Corporation,* 22 Ill. 2d 432 (1961); *McMahon* v. *Boeing Airplane Co.,* 199 F. Sup. 908 (1961); *Anderson* v. *Penncraft Tool Co.,* 200 F. Sup. 145 (1961); *Shepard* v. *Rheem Mfg. Co.,* 249 N.C. 454 (1959); *Florio* v. *Powder Power Tool Corporation,* 248 F.2d 367 (3d Cir.); Developments in the Law—State-Court Jurisdiction, 73 Harv. L. Rev. 909.

The court's own research reveals that in quite recent cases the theory of "minimum contacts" required to confer jurisdiction is further elucidated. *Courtesy Chevrolet, Inc.* v. *Tennessee Walking Horse Breeders' & Exhibitors' Assn.,* 344 F.2d 860, 865 (9th Cir. 1965), brings out that "[w]hile only one act may be enough to fulfill the venue requirements of the statute, in each case it is the totality of all of the facts which determines whether the defendant is doing business . . . in a district." And it points out (p. 866) that "[t]here has been the doing of some act, or the consummation of some transaction, within the forum," citing *Mechanical Contractors Assn. of America, Inc.* v. *Mechanical Contractors Assn. of Northern California, Inc.,* 342 F.2d 393 (9th Cir. 1965).

The case of *Aftanase* v. *Economy Baler Co.,* 343 F.2d 187 (8th Cir. 1965), reviews the leading Supreme Court decisions and distills the main guidelines to a determination as to when valid in personam jurisdiction can be taken over foreign corporations in situations analogous to the instant one. These are (1) the quantity of contacts; (2) nature and quality of the contacts; (3) service and connection of the cause of action with those contacts; (4) interest of the forum state; and (5) convenience. At page 197, it further clarifies the fact

that the "Supreme Court has certainly not indicated that all five of these factors must be present in substantial degree for jurisdiction to be constitutionally effected." It thereupon concludes (p. 197) that "the use in this case of the Minnesota substituted service procedure on this defendant foreign corporation is consistent with fair play and substantial justice and does not violate federal due process."

*Elkhart Engineering Corporation* v. *Dornier Werke,* 343 F.2d 861, 863 (5th Cir.), involved the decision as to (1) whether service could be perfected under the terms of an Alabama statute, permitting service on a foreign corporation, similar to our statute, and (2) whether there was any violation of the due process requirements of the fourteenth amendment as to the defendant foreign corporation, which was qualified to do business in Alabama. The case arose out of the commission of a tort by the defendant "during the conduct of a single business transaction within the state." The Alabama statute in issue; Ala. Code tit. 7, § 199 (1) (Sup. 1963); is quite similar in tenor to the Connecticut statute involved here (§ 33-411 [c]). The opinion holds (p. 865) that service was valid on the foreign corporation, a West German company. It further found that there was no violation of federal due process by subjecting this foreign corporation to the jurisdiction of the forum state although, as pointed out, the case involves a tort arising out of a single business transaction.

The case of *Deveny* v. *Rheem Mfg. Co.,* 319 F.2d 124 (2d Cir. 1963), involved service upon a foreign corporation under a Vermont statute authorizing the secretary of state and the plaintiff to give actual notice to a foreign tort-feasor by sending copies of the process to its principal place of business by registered mail. The late Judge Charles E. Clark,

in the opinion for the court in this case, points out (p. 126) the similarity of the Vermont statute to the Connecticut statute in issue here and states that the Vermont "statute and others like it represent the latest steps in the well-established trend away from the territorial concept of personal jurisdiction."

The question whether a foreign corporation has sufficient contacts with a state to confer jurisdiction upon it is one of fact. *Jennings* v. *McCall Corporation,* 320 F.2d 64 (8th Cir. 1963). On the basis of the facts alleged, that there was a contractual relation between the parties, a breach thereof and the commission of a tort by the furnishing of inadequate specifications, this court cannot say that this does not fulfil the requirement of "minimum contacts" referred to in *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316, and the cases cited amplifying that decision. As stressed in the recent case of *National Equipment Rental, Ltd.* v. *Szukhent,* 375 U.S. 311 (1964), the defendant did in fact receive complete and timely notice of the present lawsuit, as the special appearance herein attests. This court, on the basis of the plea in abatement, cannot find that there is a violation of Connecticut law or violation of the federal due process provisions of the fourteenth amendment. In summary, therefore, the conclusion is reasonable that the defendant had sufficient contact with this state to make it subject to the jurisdiction of this court. *Texas* v. *New Jersey,* 379 U.S. 674, 679 (1965).

The plaintiff's demurrer to plea in abatement is sustained. The defendant's plea in abatement is overruled.