Parkis DOTSON, William Odle and
Jake Odle, Plaintiffs,

v.

KWIKI SYSTEMS, INC., Defendant.

Civ. A. No. 67–C–63–A.

United States District Court
W. D. Virginia,
Abingdon Division.

March 1, 1968.

Carl E. McAfee, Cline & McAfee, Norton, Va., for plaintiff.

Robert J. Rogers, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for defendant.

## Opinion and Judgment

DALTON, Chief Judge.

Plaintiff filed a complaint with this court on June 20, 1967, alleging a jurisdictional basis of diversity of citizenship and amount in controversy in excess of $10,000. The defendant then filed a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, alleging that defendant is not a resident or citizen of Virginia, it being a foreign corporation not qualified to do business in Virginia. Accordingly defendant contends that this court is not authorized to exercise personal jurisdiction over the defendant.

The defendant Kwiki Systems, Inc., is a Missouri corporation with its principal place of business in Leawood, Kansas. Defendant is in the business of manufacturing and marketing through distributors, coin-operated car washes. Prior to 1967 defendant conducted no business in Virginia. In order to expand its operations, defendant advertised na-

tionally soliciting persons to serve as distributors in new areas.

The plaintiffs, all residents of Virginia, contacted defendant about the possibility of operating a distributorship in Virginia. Defendant sent a brochure explaining its operations, and it was later arranged for plaintiffs to view one of defendant's car washes in Charlotte, North Carolina. It was then arranged for two of the plaintiffs to come to defendant's home office in Leawood, Kansas to negotiate an exclusive distributorship arrangement. The plaintiffs asked for exclusive rights in Virginia only. However, defendant's president desired that plaintiffs acquire an exclusive distributorship for the states of Virginia, West Virginia and Kentucky. The terms of an exclusive agreement were tentatively worked out, but there is dispute as to what was actually agreed on at that time. Plaintiffs contend that an oral agreement was concluded giving plaintiffs an exclusive distributorship for Virginia, West Virginia and Kentucky, and that such distributorships could not be revoked without first giving plaintiffs an opportunity to formally sign a written agreement establishing them as exclusive distributors. Defendant contends that the agreement established the plaintiffs as only *non-exclusive* distributors.

Plaintiffs returned to Virginia and functioned for a time as distributors for defendant's car washes. The plaintiffs had purchased two of defendant's car washes as "showcases" for prospective customers, and in mid January 1967, an agent of defendant delivered the equipment in Virginia and remained several days to help unload and install the units. Several weeks later the plaintiffs completed installation of the equipment and a representative of defendant traveled to Virginia and spent approximately two days adjusting the equipment and making final preparations for its commercial use. During this time defendant had been sending lists of prospective customers to the plaintiffs. Plaintiffs commenced a sales promotion of defendant's product and employed several persons to contact prospective customers in Virginia, West Virginia and Kentucky. A possible purchaser was located in Pearisburg, Virginia and plaintiffs felt that it would be helpful to receive assistance from the defendant. In early April 1967, defendant's sales manager flew to Virginia to assist in consummating the sale, but the sale was never concluded. At that time the sales manager left written copies of an exclusive distributorship for execution by the plaintiffs.

Throughout this period plaintiffs continued to function as distributors. The plaintiffs and defendant had a number of telephone conversations. Defendant sent plaintiffs the names of sales prospects, and supplies were sold and shipped by defendant to the plaintiffs in Virginia. Plaintiffs were then informed that third parties had been appointed as exclusive distributors in Kentucky and West Virginia. Plaintiffs allege that they were given no prior notice of these appointments, and thus, their dismissal as distributors for Kentucky and West Virginia violated the earlier arrangement with defendant. Plaintiffs then filed this complaint and the clerk of the State Corporation Commission of Virginia served process on defendant by registered mail sent to defendant's business address in Leawood, Kansas. Defendant then filed his motion to dismiss on the ground that this court does not have personal jurisdiction over defendant, because defendant is not doing business in the Commonwealth of Virginia.

■ To determine the basis for personal jurisdiction it is necessary to consider the standards of the Virginia "Long Arm" Statute and the standard of the Due Process Clause. Section 8–81.2 of the Virginia statute provides in pertinent part:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

(1) Transacting any business in this State;

(2) Contracting to supply services or things in this State.

The Due Process Clause of the United States Constitution does not prohibit a court's exercise of personal jurisdiction over a party when such party has significant contacts with the state commensurate with the principles of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

■ Upon consideration of the facts in this case, the court feels that such significant contacts exist and that the defendant is in fact "transacting business in the State of Virginia," thus, this court does have personal jurisdiction over defendant.

The case in question is not an occasional or sporadic transaction. The defendant has regularly and consistently carried on its business and offered its products for sale in Virginia through a dealer, and has actively solicited sales and assisted in the making of sales in Virginia. Whatever the exact terms of the agreement, the plaintiffs have functioned as defendant's distributors in Virginia. Defendant sold his product to plaintiffs, and an agent of defendant delivered the product in Virginia and spent several days installing it. On another occasion an agent of defendant again came to Virginia to aid in installing and servicing the equipment. Defendant continued to supply the plaintiffs, sent names of prospective customers to plaintiffs, and on one occasion an agent of defendant came to Virginia to assist in making a sale. This court feels that the present cause of action arises from defendant's transaction of business in Virginia.

■ This court is not left without jurisdiction merely because the subject matter of the case concerns exclusive distributorship arrangements in Kentucky and West Virginia. The test for jurisdiction is whether defendant has significant contacts with the State of Virginia. This test being met, the court is not deprived of jurisdiction merely because the subject matter extends beyond the state boundaries.

For the reasons stated in this opinion and upon mature consideration of the facts in the case at bar, it is hereby adjudged and ordered that defendant's motion to dismiss be and hereby is denied. A certified copy of this opinion and judgment is directed to be sent to counsel of record.