**FAIRBANKS AIR SERVICE, INC., an Alaska corporation, Plaintiff,**

**v.**

**AIR OPERATIONS INTERNATIONAL CORP., a Florida corporation, and Byron F. Sherrill, Defendants.**

**No. A–174–73 Civil.**

United States District Court,
D. Alaska.

July 8, 1974.

John M. Stern, Jr., Anchorage, Alaska, for defendants.

John R. Strachan, Anchorage, Alaska, for plaintiff.

MEMORANDUM AND ORDER

VON DER HEYD, Chief Judge.

This cause comes before the court on defendants' motion to dismiss complaint.

On October 10, 1972, in Fairbanks, Alaska, a meeting was held between representatives of plaintiff and defendant Sherrill, Treasurer of defendant corporation. The purpose of the meeting was to negotiate an aircraft lease with option to purchase agreement. Plaintiff alleges that during the course of that meeting defendant Sherrill represented that he and defendant corporation were authorized to enter into the agreement. The lease was signed on November 7, 1972, by defendant Sherrill on behalf of the defendant corporation in Florida. The agreement was then mailed to plaintiff in Alaska, where it was executed by an agent of plaintiff on November 16, 1972.

In conformity with the terms of the agreement, a certain aircraft was delivered to plaintiff in California, apparently for repairs and modifications. At some time, plaintiff paid the sum of over $38,000.00 to defendants. For reasons unclear in the record, the aircraft never was flown to Alaska, but has remained in California. Plaintiff somehow discovered that defendants allegedly did not have the authority to lease and sell the aircraft, and on December 20, 1972, plaintiff gave notice of recission to defendants.

Plaintiff commenced this action for damages for fraudulent misrepresentation of defendants' authority to enter into the subject agreement. Plaintiff has alleged diversity jurisdiction under 28 U.S.C.A. § 1332.

Defendants filed this motion to dismiss for lack of jurisdiction over the person pursuant to Fed.R.Civ.P. 12(b)(2), contending in essence that (1) the Alaska long arm statute, A.S. 09.05.-015(a)(3) is inapplicable since its language does not include the type of injury which allegedly was sustained by plaintiff, and (2) permitting the assertion of personal jurisdiction under the facts of this matter would violate due process under the minimum contacts test of International Shoe Co. v. Washington,

326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Alaska long arm statute states, in pertinent part, that personal jurisdiction exists, assuming proper service of process, "in an action claiming injury to persons or property in or out of this State arising out of an act or omission in this State by the defendant."

■ Defendants contend that there was no injury to plaintiff's person or property in the State of Alaska. Plaintiff has assumed an opposite position, that the alleged fraudulent misrepresentation of authority in Alaska on October 10, 1972, caused an injury to property, namely plaintiff's corporate assets. After considering the supplemental memoranda of counsel previously ordered, this court finds that A.S. 09.05.-015(a)(3) is applicable to the facts of this case, and that there has been an injury to property within the meaning of the statute by reason of the alleged pecuniary loss sustained by plaintiff in expending the sum of over $38,000 to defendants.

■ The Alaska Supreme Court has held that Alaska's long arm statute is a broad one which is to be regarded as an attempt by the legislature to establish personal jurisdiction to the maximum permitted by due process. Jonz v. Garrett/Airesearch Corp., 490 P.2d 1197 (Alaska 1971). Consistent with that interpretation is the construction this court places on the phrase "injury to property." Injury to property, given a broad construction, means not much more than mere pecuniary loss. Village of Brooten v. Cudahy Packing Co., 291 F.2d 284 (8th Cir. 1961). The payment of over $38,000.00 by plaintiffs pursuant to the terms of the agreement clearly would be a pecuniary loss. Another court, interpreting the long arm statute upon which the Alaska long arm statute is modeled, found little difficulty in equating injury to property to injury to business assets. Thill Securities Corp. v. New York Stock Exchange, 283 F. Supp. 239, 243 (E.D.Wis.1968).

As to the due process question, the court finds defendants' contention not to be well taken. There can be little doubt but that meeting of October 10, 1972, coupled with the mailing into Alaska and subsequent execution of the agreement by plaintiff in Alaska on November 16, 1972 is a sufficient "minimum contact" with Alaska such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, supra, 326 U.S. at 316, 66 S.Ct. 154. See McGee v. International Life Insur. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), wherein personal jurisdiction was upheld in a factual situation consisting of the delivery of an insurance policy to plaintiff in the forum state, the premium was mailed therefrom, and the insured plaintiff was a resident thereof. See also this court's analysis in Packard v. Cessna Aircraft Co., 366 F.Supp. 966 (D.Alaska 1973).

Therefore, it is ordered:

That defendants' motion to dismiss is denied.