## CIRCUIT COURT OF WASHINGTON COUNTY

Thomas Whittaker et al.

v.

Velda Mace

October 14, 1988

Case No. (Law) 88-78

By JUDGE CHARLES H. SMITH, JR.

This suit involves a claim for compensatory and punitive damages allegedly sustained by the plaintiffs as a result of the publication of an alleged defamatory letter published by the defendant concerning the plaintiffs. The plaintiffs are residents of Washington County, Virginia, and have been for some two years. The defendant lives in Florida and has only been physically present in Virginia on perhaps a couple of occasions in the past two years. The letter was written in and mailed from another state and delivered to a third party here in Virginia. The only other connection the defendant has with Virginia are certain allegedly harassing and abusive phone calls made from out of state to the plaintiffs' residence. The plaintiffs have effected service of process on the out-of-state defendant under Virginia's long arm statute by service of process on the Secretary of the Commonwealth and claim personal jurisdiction as a result thereof. The defendant has demurred to the pleadings and moved to dismiss this action citing basically a lack of sufficient basis upon which this court can exercise personal jurisdiction over the out-of-state defendant. For purposes of the demurrer,

it is, of course, admitted that the letter was written and mailed by the defendant.

The court has considered the arguments of counsel made on July 27, 1988, regarding the pending demurrer and motion and has reviewed the authorities cited in support thereof. In consideration of all of which the court finds as follows.

The applicable provision of the Virginia Code is Section 8.01-328.1. This, of course, is commonly known as the "long arm statute." That section provides in part as follows:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: . . . 3. Causing tortious injury by an act or omission in this Commonwealth; 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly. . . engages in any other persistent course of conduct . . . in this Commonwealth.

The defendant contends that there is insufficient basis for the court to exercise personal jurisdiction over her under subsection 3 because she never committed an act in Virginia nor under subsection 4 because she did not "engage in any persistent course of conduct" in Virginia. Further the defendant contends that the plaintiffs cannot assert subsection 4 as a basis for the court to assume personal jurisdiction because that is not the section relied upon when the suit was filed. Interestingly, when the suit was initiated, the plaintiffs did indicate on the form provided in the clerk's office titled "Affidavit for Service of Process on the Secretary of the Commonwealth" that they were relying upon subsection 3 to claim personal jurisdiction. However, I do not think it significant that the plaintiffs may have checked the wrong box on a form. If, in fact, a jurisdictional basis does exist under any one or more of the subsections, one cannot be precluded from asserting that basis at any time even though it be different from the one initially relied upon.

The defendant contends that subsection 3 is inapplicable because she committed no *act* while physically present

in Virginia. The letter was admittedly written and mailed by the defendant from out of state. The tort was not complete and no injury was sustained until publication was had in Virginia. The plaintiff concedes that the defendant committed no "act" in Virginia but points out that one may also be liable for acts committed by his or her agent in Virginia and that when the defendant mailed this alleged defamatory letter, she necessarily designated the United States Postal Service as her agent for the safe, swift, and sure transporting and delivery of same to its ultimate destination in Virginia. This is an interesting proposition and one that I gave serious consideration to but could find no authority to sustain. Had the defendant hired and paid a private message service to transport and deliver the letter to the Virginia addressee, this position would have been much more palatable. However, no agency relationship can be found to exist between the defendant and the U. S. Postal Service. Under these circumstances, I find subsection 3 to be inapplicable and not a valid basis for the exercise of personal jurisdiction.

The question remains as to whether jurisdiction might properly be exercised under subsection 4.

It has been repeatedly held and is now firmly established that the exercise of *in personam* jurisdiction in such cases must not violate the due process requirements of the United States Constitution. Whether the assertion of *in personam* jurisdiction offends the due process clause depends upon the application of the "minimum contacts" text which was first set out by the United States Supreme Court in the case of *International Shoe Company v. Washington*, 326 U.S. 310 (1945). Due process requires that the defendant have "certain minimum contacts with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." (*Ibid*. page 316).

> Important factors in determining whether this test has been met are the quality of the contacts between the defendant and the forum state, see *McGee v. International Life Insurance Company*, 355 U.S. 220 (1957), whether the cause of action flows from the contact or contacts, and whether the defendant has purposefully availed himself

of the privilege of conducting activities in the forum state. See *Hanson v. Denckla*, 357 U.S. 235 (1958) . . . . Also, where a defendant's actions outside the forum state have caused effects inside the forum state, an important consideration, albeit not controlling, is whether these effects within the state were, or should have been, foreseeable . . . . (*See Rusack v. Harsha*, 470 F. Supp. 285 (M.D. Pa. 1978).)

The case of *First American First v. National Association of Bank Women*, 802 F.2d 1511 (4th Cir. 1986), has been cited by counsel. That case involved a suit for compensatory and punitive damages allegedly sustained by the plaintiff on account of certain defamatory letters written by the defendant. The letters were all written in and mailed from Chicago into Virginia. The District Court had found that, although the Virginia long arm statute authorized the exercise of personal jurisdiction over the defendants, the exercise of jurisdiction in that case violated the due process clause. The Fourth Circuit reversed holding that such an exercise of jurisdiction would comport as well with the requirements of due process. Jurisdiction had originally been asserted in the alternative under subsections (A)(3) and (A)(4) of § 8.01-328.1. The District Court had held that subsection (A)(3) was not applicable since the act was not committed by the defendant within the Commonwealth. Since the Fourth Circuit based its decision upon subsection (A)(4), it did not address the issue of whether subsection (A)(3) was applicable. (Apparently the agency question was not raised.)

Subsection (A)(4) has two requirements for the exercise of jurisdiction: (1) a tortious injury in Virginia caused by an out-of-state act or omission; and (2) a relationship between the defendant and the state which exists in any one of the ways specified therein. In *First American*, the Fourth Circuit found that the defendant's letters written and mailed out-of-state and the resulting alleged libel and other injuries suffered within Virginia clearly met the first requirement. The court found that the second requirement was met in that the defendants had an "ongoing interaction" with Virginia (by monthly mailings of a journal, annual mailings of a national directory, etc.)

in conjunction with their alleged "act" causing "tortious injury" in Virginia. Addressing the issue of due process, the court stated:

> The basic principle is, of course, that the defendant must have certain minimum contacts with the forum state that the exercise of jurisdiction over him does not offend traditional notions of fair play and substantial justice. (*International Shoe Company v. Washington*, 326 U.S. 310 (1945)). The constitutional interest protected is the individual's liberty interest in not being bound *in personam* by judgments of a forum with which he lacks meaningful contacts, ties, or relations. (*Burger King Corporation v. Rudzewicz*, 471 U.S. 462 (1985)). These minimum contacts cannot have had their source in the unilateral activity of those who claim some relationship with a non-resident defendant . . . thus must be found in conduct of the defendant by which he purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws . . . . The "purposeful availment" requirement guards against the possibility that a defendant will be haled into a forum solely as a result of random, isolated, or fortuitous contacts. (*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)). What is sought is conduct by the defendant in relation to the forum state such that he should reasonably anticipate being haled into court there. (*Worldwide Volkswagen Corporation v. Woodson*, 444 U.S. 286 (1980)).

The court went on to explain how personal jurisdiction might be assumed with even more attenuated contacts stating:

> In a given case, therefore, contacts that would not constitutionally justify an exercise of general jurisdiction might support an exercise of specific jurisdiction. (Citations omitted). Indeed, where authorized by state law, a single

contact by a non-resident defendant may, if sufficiently purposeful in its aim at, and sufficiently egregious in its impact upon, a forum state's legitimate interest, support a constitutional exercise of specific jurisdiction in respect of a claim arising from that very contact. (Citations omitted).

In the instant case, the defendant knew or reasonably should have anticipated that the writing of a defamatory letter and mailing of same to a third party in Virginia might very well cause her to be haled into court here in a civil action. This is especially so where, as here, the writing concerned a public official, would therefore be of considerable interest to the public, and, if untrue, cause irreparable harm to him personally and politically.

Nor do I believe the legislature intended to limit the application of subsection 4 to business transactions and corporations. To do so would be to allow someone from another state to come into Virginia and take aim at a Virginia resident and subject them to all manner of insult, harassment, inconvenience, and expense and then escape *civil* process arising therefrom by retreating behind a foreign state line. As the court stated in a footnote in *First American*:

> NABW apparently contends that the level of "persistent conduct" required by section (A)(4) must reach the level of the "continuous and systematic" contacts amounting to "doing business" in the state . . . . This is plainly wrong. (p. 1517).

I am of the opinion that the defendant has engaged in a "persistent course of conduct in this Commonwealth and that these "bolstering activities" are sufficient to support the exercise of jurisdiction in respect of this claim arising from an out-of-state act causing in-state injuries. I am further of the opinion that these activities were not random or fortuitous but rather purposeful and intentional acts by which the defendant purposefully availed herself of the privilege of conducting activities in this Commonwealth, thus invoking the benefits and pro-

tections of its laws. These activities consisted of the defendant's mailing the letter in question into Virginia and acts of harassment committed by the defendant, including vandalism, trespassing, phone calls, a frivolous lawsuit, etc. I do not believe the defendant can legitimately complain that she could not have anticipated any civil repercussions on account of such conduct in the Commonwealth. (I realize that the court indicated at the *ore tenus* hearing that it would not consider some of these allegations. However, in retrospect they are relevant on the issue of jurisdiction under subsection (A)(4). In any event, for purposes of the demurrer, all facts well pled are admitted. Additionally, these other activities of the defendant in Virginia were heavily relied upon by the plaintiff at the hearing as a basis for exercising *in personam* jurisdiction.)

For the reasons stated above, I will overrule the demurrer and deny the motion to dismiss.