James D. MESALIC, Plaintiff,

v.

**FIBERFLOAT CORP. d/b/a Harley Boat Company and Howard D. Harley, individually, jointly and severally, Defendants.**

Civ. A. No. 88–4413.

United States District Court,
D. New Jersey.

March 29, 1989.

Robert D. Farber, Cohn & Cohn, South Orange, N.J., for plaintiff.

Lewis Cohn, Fox & Fox, Newark, N.J., for defendants.

OPINION

WOLIN, District Judge.

Currently before the Court is the motion of defendants Fiberfloat Corp. d/b/a Harley Boat Company ("Fiberfloat"), a Florida corporation, and Howard D. Harley, a resident of Florida, to dismiss for lack of personal jurisdiction the complaint of plaintiff James D. Mesalic. In the alternative, defendants move to transfer venue to Florida. Additionally, defendant Harley moves for summary judgment, contending that he cannot be sued in his individual capacity because Mesalic dealt only with the Fiberfloat corporation, of which Harley is the president. For the reasons set forth below, the Court will grant defendants' motion to dismiss for lack of personal jurisdiction, and therefore will decline to consider Harley's motion for summary judgment.

## I. BACKGROUND

This lawsuit centers around plaintiff's revocation of his acceptance of a $250,000 leisure boat. Plaintiff purchased the boat

from defendant Fiberfloat,[1] which manufactured the boat in Florida. Plaintiff contends that the boat in question contained major latent defects.

Plaintiff became aware of the Fiberfloat boat by reading an advertisement in Boating Magazine, a nationally circulated magazine that is not directed specifically to New Jersey residents. Because Fiberfloat has no showrooms or distribution network in New Jersey, plaintiff had to venture to Florida in order to purchase the Fiberfloat boat. On January 28, 1987, Mesalic went to the Fiberfloat manufacturing facility in Bartow, Florida, and expressed interest in purchasing a Harley 42 foot Superstar Twin 400 gas powered boat. Howard Harley, president of Fiberfloat, prepared a price quotation for Mesalic. The next day, plaintiff executed a contract and purchase order for the boat.

The purchase was conditioned upon Mesalic's satisfaction with a sea trial of the same model boat. In February of 1987, plaintiff conducted such a sea trial. Plaintiff was satisfied and advised Fiberfloat to commence construction of the vessel. During construction of the boat, plaintiff visited Florida to inspect the construction and make progress payments. Finally, on or about March 5, 1988, plaintiff made final payment on the vessel at Fiberfloat's facility in Florida. Plaintiff then took the vessel out and spent several days sea trialing it in Florida. After the sea trials, plaintiff did not seek to revoke his acceptance of the vessel, but instead instructed Fiberfloat to correct certain deficiencies in the vessel and add $2,000 worth of custom accessories. Plaintiff requested that a Fiberfloat mechanic transport the vessel to New Jersey. At the end of April, 1988, a Fiberfloat mechanic did transport the vehicle to New Jersey. This was the first meaningful contact of Fiberfloat with New Jersey in the whole transaction.[2]

Plaintiff was evidently not satisfied with the boat and complained to Fiberfloat. Howard Harley informed plaintiff that he would instruct a Fiberfloat mechanic, who was in the northeast, to inspect and repair the vessel. The mechanic went to New Jersey, the second contact between the State and Fiberfloat, and made some minor repairs. Mesalic, however, remained unsatisfied and requested that the mechanic transport the vessel back to Florida for further repairs. While the vessel was on its way back to Florida, plaintiff telephoned Harley and informed him that he was refusing the vessel. On October 17, 1988, plaintiff instituted the present action.

## II. DISCUSSION

■ In cases where the defendant has properly raised a jurisdictional defense, "the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction." *Time Share Vacation v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984) (quoting *Compagnie des Bauxites de Guinee v. L'Union*, 723 F.2d 357, 362 (3d Cir.1983)). Pursuant to Fed.R.Civ.P. 4(e), the Court can exercise jurisdiction over an out-of-state defendant such as Fiberfloat only to the extent that New Jersey's long-arm rule, New Jersey Court Rule 4:4–4, authorizes service of process on out-of-state defendants. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir.), *cert. denied*, 454 U.S. 1085, 102 S.Ct.

1. Plaintiff named Harley Boat Company as the corporate defendant in this action. Defendant has informed the Court that the actual name of the business with which Mesalic dealt is Fiberfloat Corporation. For purposes of clarity, the Court will refer to the corporate defendant as Fiberfloat.

2. Plaintiff contends that he took delivery of the vessel not in Florida but in New Jersey. The events surrounding the transaction, however, suggest that Mesalic took delivery of the vessel in Florida. Mesalic made the final payment there and, after trial testing the vessel, Mesalic did not at that time seek to reject or revoke acceptance of the vessel, but merely gave a punch list of repair items to Fiberfloat and requested that the boat then be transported to New Jersey. Under the terms of U.C.C. § 2–606, Mesalic failed to make an effective rejection of the vessel at that time, and can be said to have accepted the vessel, albeit on the condition that the requested repairs be made. See U.C.C. § 2–607(2). Therefore, for purposes of this motion, delivery of the vessel will be deemed to have been effected in Florida.

642, 70 L.Ed.2d 620 (1981). New Jersey's long-arm rule has, in turn, been interpreted as permitting out-of-state service "to the uttermost limits permitted by the United States Constitution." *Charles Gendler Co. v. Telecom Equipment Corp.*, 102 N.J. 460, 469, 508 A.2d 1127, 1131 (1986). Therefore, this Court can exercise jurisdiction over Fiberfloat only if plaintiff can demonstrate that defendants' contacts with New Jersey are sufficient enough to satisfy the Due Process Clause of the United States Constitution.

■ Because the present action arises from the sale of a product by an out-of-state manufacturer to a New Jersey resident, the precise jurisdictional question raised is whether this Court can exercise specific jurisdiction over the defendants.[3] The standard for exercising specific jurisdiction is supplied by the "minimum contacts" analysis first set out by the Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and continually invoked as the "constitutional touchstone" for due process analysis of personal jurisdiction matters. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

In defining the term, the Supreme Court has stated that minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475, 105 S.Ct. at 2183, *quoted in Asahi Metal Ind. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). The Court has also commented that: "Jurisdiction is proper

... where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state." *Burger King*, 471 U.S. at 475, 105 S.Ct. at 2183, quoting *McGree v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) (emphasis in original).

■ Of course, the concepts of fairness and reasonableness must underlie any examination of minimum contacts. *Kuklo v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). In the present case, the insignificant contacts of Fiberfloat[4] with New Jersey, as well as the concepts of fairness and reasonableness, militate against finding that Fiberfloat is subject to the personal jurisdiction of this Court.

The only tangible, affirmative contacts of Fiberfloat with New Jersey occurred when a Fiberfloat mechanic transported the boat to New Jersey, after the sale had already been completed, and when a second mechanic came to New Jersey to attempt to repair the vessel. All aspects of the sale of the boat, including negotiations, order, payment, testing and delivery, took place in Florida. This could be expected considering that Fiberfloat maintains no offices or production facilities in New Jersey, or any sales organization of any kind. Defendant advertised in no New Jersey publications, but only in a nationally circulated magazine. Finally, the fact, repeatedly stressed by plaintiff, that Fiberfloat had a presence at a New York boat show, does not constitute a contact between defendants and New Jersey.

■ The only actual contacts of Fiberfloat with New Jersey, the transportation of

---

3. A plaintiff can meet the burden of demonstrating sufficient contacts between the forum and the defendant in two distinct manners. In *Dollar Savings Bank v. First Security Bank of Utah*, the court explained that:

> Personal jurisdiction over a nonresident defendant may be asserted in two situations. The first, 'general jurisdiction,' exists when the claim does not arise out of or is unrelated to the defendant's contacts with the forum. [Citations omitted.] The second, 'specific jurisdiction,' is invoked when the claim is related

to or arises out of the defendant's contacts with the forum. [Citations omitted.]
746 F.2d 208, 211 (3d Cir.1984) (footnote omitted).

4. The Court's analysis of Fiberfloat's contacts with New Jersey is equally applicable to Howard Harley's contacts with the State, and the two defendants are therefore considered together. The Court notes that it is not considering the question of Harley's amenability to suit in his individual capacity.

the vessel and the mechanic's visit to the state, strike the Court as reasonable attempts by Fiberfloat to accommodate plaintiff and not as a purposeful availment by defendants of the privilege of conducting activities within New Jersey. One court has stated: "If a party's slightest gesture of accommodation were to impose personal jurisdiction, commercial dealings would soon turn unobliging and brusque." *Chung v. NANA Development Corp.*, 783 F.2d 1124, 1129 (4th Cir.), *cert. denied*, 479 U.S. 948, 107 S.Ct. 431, 93 L.Ed.2d 381 (1986). In the case at hand, Fiberfloat's attempt to accommodate Mesalic should not be turned against it and subject a corporation that has chosen to conduct its business solely in Florida to the jurisdiction of a state with which it otherwise has no minimum contacts. To do this would create a disincentive for out-of-state businesses such as Fiberfloat to make any attempt to service or otherwise contact customers from other states, thus impinging upon commercial activity and commercial courtesy.

Even under the stream of commerce analysis of *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), Fiberfloat cannot be found to be subject to the personal jurisdiction of this forum. In the plurality opinion of *Asahi Metal*, Justice O'Connor set forth a set of factors to be considered in determining whether a business purposefully directed a product toward a forum state. These factors included: (1) designing a product for the forum state market, (2) directing advertising to the forum state, (3) establishing channels for providing regular advice to forum state customers, and (4) marketing a product through a distributor who agrees to serve as a sales agent in the forum state. 480 U.S. at 112–113, 107 S.Ct. at 1033. The absence of these or similar factors from the present case further warrants a finding that defendants are not subject to personal jurisdiction in this forum.

### III. CONCLUSION

As plaintiff has not adequately demonstrated that sufficient minimum contacts exist between defendants and this forum, the plaintiff's complaint must be dismissed for lack of personal jurisdiction.[5]

An appropriate order is attached.

### ORDER

This matter having been opened to the Court on March 27, 1989 by Fox & Fox, Esqs., attorneys for defendants Fiberfloat Corp. d/b/a Harley Boat Company and Howard D. Harley, upon notice to plaintiff for an order dismissing the complaint for lack of personal jurisdiction or, in the alternative, for a transfer of venue; and for summary judgment in favor of defendant Howard D. Harley, and the Court having considered the moving papers, reply papers and the arguments of counsel, and it appearing to this Court that the defendants are entitled to the relief sought; and for good cause shown,

It is on this 29th day of March, 1989,

ORDERED that the above-entitled action be and is hereby dismissed for lack of personal jurisdiction over defendants.

---

**5.** Since the Court finds that no personal jurisdiction exists over defendants, it is unnecessary for the Court to consider the alternative motion of defendants for transfer of the case, and the motion of Howard Harley for summary judgment.