## McGEE *v.* INTERNATIONAL LIFE INSURANCE CO.

No. 50. Argued November 20, 1957.—Decided December 16, 1957.

*Arthur J. Mandell* argued the cause and filed a brief for petitioner.

*Stanley Hornsby* argued the cause and filed a brief for respondent.

Opinion of the Court by MR. JUSTICE BLACK, announced by MR. JUSTICE DOUGLAS.

Petitioner, Lulu B. McGee, recovered a judgment in a California state court against respondent, International Life Insurance Company, on a contract of insurance. Respondent was not served with process in California but by registered mail at its principal place of business in Texas. The California court based its jurisdiction on a state statute which subjects foreign corporations to suit in California on insurance contracts with residents of that State even though such corporations cannot be served with process within its borders.[1]

Unable to collect the judgment in California petitioner went to Texas where she filed suit on the judgment in a Texas court. But the Texas courts refused to enforce her judgment holding it was void under the Fourteenth Amendment because service of process outside California could not give the courts of that State jurisdiction over respondent. 288 S. W. 2d 579. Since the case raised important questions, not only to California but to other States which have similar laws, we granted certiorari. 352 U. S. 924. It is not controverted that if the California court properly exercised jurisdiction over respondent the Texas courts erred in refusing to give its judgment full faith and credit. 28 U. S. C. § 1738.

The material facts are relatively simple. In 1944, Lowell Franklin, a resident of California, purchased a life insurance policy from the Empire Mutual Insurance Company, an Arizona corporation. In 1948 the respondent agreed with Empire Mutual to assume its insurance obligations. Respondent then mailed a reinsurance certificate to Franklin in California offering to insure him in accordance with the terms of the policy he held with Empire Mutual. He accepted this offer and from that

---

[1] Cal. Insurance Code, 1953, §§ 1610–1620.

time until his death in 1950 paid premiums by mail from his California home to respondent's Texas office. Petitioner, Franklin's mother, was the beneficiary under the policy. She sent proofs of his death to the respondent but it refused to pay claiming that he had committed suicide. It appears that neither Empire Mutual nor respondent has ever had any office or agent in California. And so far as the record before us shows, respondent has never solicited or done any insurance business in California apart from the policy involved here.

Since *Pennoyer* v. *Neff,* 95 U. S. 714, this Court has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served with process within their boundaries. But just where this line of limitation falls has been the subject of prolific controversy, particularly with respect to foreign corporations. In a continuing process of evolution this Court accepted and then abandoned "consent," "doing business," and "presence" as the standard for measuring the extent of state judicial power over such corporations. See Henderson, The Position of Foreign Corporations in American Constitutional Law, c. V. More recently in *International Shoe Co.* v. *Washington,* 326 U. S. 310, the Court decided that "due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.,* at 316.

Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents. In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions

touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.

Turning to this case we think it apparent that the Due Process Clause did not preclude the California court from entering a judgment binding on respondent. It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State. Cf. *Hess* v. *Pawloski,* 274 U. S. 352; *Henry L. Doherty & Co.* v. *Goodman,* 294 U. S. 623; *Pennoyer* v. *Neff,* 95 U. S. 714, 735.[2] The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died. It cannot be denied that California has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. These residents would be at a severe disadvantage if they were forced to follow the insurance company to a distant State in order to hold it legally accountable. When claims were small or moderate individual claimants frequently could not afford the cost of bringing an action in a foreign forum—thus in effect making the company judgment proof. Often the crucial witnesses—as here on the company's defense of suicide—will be found in the insured's locality.

---

[2] And see *Ace Grain Co.* v. *American Eagle Fire Ins. Co.,* 95 F. Supp. 784; *Storey* v. *United Ins. Co.,* 64 F. Supp. 896; *S. Howes Co.* v. *W. P. Milling Co.,* 277 P. 2d 655 (Okla.); *Compania de Astral, S. A.* v. *Boston Metals Co.,* 205 Md. 237, 107 A. 2d 357, cert. denied, 348 U. S. 943; *Zacharakis* v. *Bunker Hill Mut. Ins. Co.,* 281 App. Div. 487, 120 N. Y. S. 2d 418; *Smyth* v. *Twin State Improvement Co.,* 116 Vt. 569, 80 A. 2d 664.

Of course there may be inconvenience to the insurer if it is held amenable to suit in California where it had this contract but certainly nothing which amounts to a denial of due process. Cf. *Travelers Health Assn.* v. *Virginia ex rel. State Corporation Comm'n,* 339 U. S. 643. There is no contention that respondent did not have adequate notice of the suit or sufficient time to prepare its defenses and appear.

The California statute became law in 1949, after respondent had entered into the agreement with Franklin to assume Empire Mutual's obligation to him. Respondent contends that application of the statute to this existing contract improperly impairs the obligation of the contract. We believe that contention is devoid of merit. The statute was remedial, in the purest sense of that term, and neither enlarged nor impaired respondent's substantive rights or obligations under the contract. It did nothing more than to provide petitioner with a California forum to enforce whatever substantive rights she might have against respondent. At the same time respondent was given a reasonable time to appear and defend on the merits after being notified of the suit. Under such circumstances it had no vested right not to be sued in California. Cf. *Bernheimer* v. *Converse,* 206 U. S. 516; *National Surety Co.* v. *Architectural Decorating Co.,* 226 U. S. 276; *Funkhouser* v. *J. B. Preston Co.,* 290 U. S. 163.

The judgment is reversed and the cause is remanded to the Court of Civil Appeals of the State of Texas, First Supreme Judicial District, for further proceedings not inconsistent with this opinion.

*It is so ordered.*

THE CHIEF JUSTICE took no part in the consideration or decision of this case.