George Tilzer, J.
This is a motion to vacate and set aside the service of the summons herein on the defendant Bradley Manufacturing Company on the ground that the court has no *780 jurisdiction of the within action because it is a corporation of the State of Illinois 'and is not doing business within New York State.
The action was instituted by personal service upon the vice-president in New York during the semiannual “ Lamp Show ” and is based on a breach of contract.
The sole question is whether the defendant was doing business within this State at the time of service. The defendant claims that it is merely here to show its wares at the Lamp Show and that sales are made through independent salesmen who work on a commission basis. The mere solicitation of business by a foreign corporation within this State may be insufficient to make it subject to the jurisdiction of our courts. It appears, nevertheless, that the defendant corporation’s presence in this jurisdiction has not been casual, nor have its activities been isolated. The action here, moreover, is based on a contract allegedly made in New York between this foreign corporation and a resident of this State. It is concluded that the corporation was doing business in this State both at the time of the alleged contract and at the time of service. In the circumstances the court is of the view that maintenance of the suit does not offend “ ‘ traditional notions of fair play and substantial justice.’” (Int. Shoe Co. v. Washington, 326 U. S. 310, 316; McGee v. Int. Life Ins. Co., 355 U. S. 220, 222.) It is to be observed, finally, that the defendant has seen fit to urge the merits of the controversy.
The service of the summons was valid and the defendant is in default. In the 'interests of justice, nevertheless, the defendant will be given 10 days after service of a copy of this order, with notice of entry, to serve a notice of appearance, if it be so advised.