Bernard Nadel, J.
Plaintiff moves for summary judgment in lieu of complaint, pursuant to CPLR 3213, to recover the sum of $2,746.51 with interest, based upon a judgment entered in the Civil Court of Record in and for Dade County, State of Florida, on January 10, 1966 in favor of plaintiff and against defendants Leah F. Cantor and Robert Mocrey Associates, Ltd.
Defendant Cantor opposes the motion for summary judgment and cross-moves for summary judgment. Defendant Robert Mocrey Associates, Ltd., defaulted on this motion.
Plaintiff claims that in the Fall of 1962 she was solicited by one Julius Wertheim, an employee of Mocrey Associates, to purchase an interest in 420 East 72nd St. Associates; that said Wertheim induced the plaintiff to give a false New York residence address when in fact plaintiff was then and still is a Florida resident; that on November 5, 1962 plaintiff purchased a limited partnership interest in 420 East 72nd St. Associates for the sum of $2,500; that the check in said amount was delivered by the plaintiff to said Wertheim in Florida.
Plaintiff further claims that defendant Robert Mocrey Associates, Ltd., was a broker and agent for 420 East 72nd St. Associates, of which defendant Cantor was a general partner.
420 East 72nd St. Associates is a limited partnership organized under the laws of the State of New York. The defendants did not register the offering in the State of Florida and *237 were therefore prohibited from soliciting purchasers within said State. (Fla. Stat. Ann., § 517.21, referred to as Blue Sky Laws.)
Plaintiff brought an action against the defendants for rescission in the Civil Court of Record in Dade County, Florida. Defendants were served with process in accordance with the Florida Statutes (§ 47.30) providing for service of process upon nonresidents.
Defendant Cantor does not deny that she received a copy of the summons and complaint in the Florida action. However, she defaulted in said action and a judgment was entered against her and other defendants.
On this motion this defendant now raises various issues which in effect go to the merits of the Florida action, and also contests the jurisdiction of the Flordia court. This court may not now consider the merits of the cause of action which has been reduced to judgment in Florida.
Plaintiff’s judgment in the Florida court recites that the Florida court “ examined the pleadings and affidavits and Exhibits ” and found that “ the plaintiff has proven her claim by adequate and competent proof and further that this Court has jurisdiction over the defendants ’ ’.
The only question before this court is whether the Florida court had jurisdiction over the defendant Cantor.
Florida Statutes (§ 47.16, subd. [1]) provide that, if a nonresident engages in or conducts a business or business venture in Florida, service of process upon him, in any action “ arising out of any transaction or operation connected with or incidental to such business or business venture * * * shall be in accordance with and in the same manner as now provided for service of process upon nonresidents under the provisions of § 47.30.”
Florida Statutes (§ 47.16, subd. [2]) provide: “ (2) Any person, firm or corporation which through brokers, jobbers, wholesalers or distributors sells, consigns, or leases, by any means whatsover, tangible or intangible personal property, to any person, firm or corporation in this state, shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business or business venture in this state.”
The plaintiff claims that the defendant Cantor through a broker, Mocrey, solicited and sold to plaintiff in Florida an interest in a limited partnership and that by reason thereof she is conclusively presumed to be conducting and engaging in a business or business venture in the State of Florida.
*238 In Delray Beach Aviation Corp. v. Mooney Aircraft (332 F. 2d 135, 137-138 [1964]) the court stated: “ The Florida arm is not only long. It is strong, and its sinews were strengthened by the legislative reflex to court decisions. In 1951 Florida enacted § 47.16, subsection (1), F. S. A. This Act like others in Arkansas, Illinois, Maryland, Minnesota, Vermont, Washington, and Wisconsin, reflects a purpose to reach as far as the Federal Constitution permits ” and concerning the constitutionality of said statute the court said (p. 144): “ And in assaying the federal constitutionality of the Florida Statute, we must certainly look at it in the light of Florida procedures which afford to a nonresident defendant a full and unconditional opportunity to contest jurisdiction over the person of the defendant to the bitter end. Rule 1.11 (b), 1954, Florida Rules of Civil Procedure, 30 F. S. A., copied from F. R. Civ. P. 12, allows the defense 0f 1 * * # (2) lack of jurisdiction over the person * * * (4) insufficiency of process, (5) insufficiency of service of process * * * ’ to be made by motion ”.
Due process requires that, in order to subject a nonresident defendant to jurisdiction in personam, he have such minimum contacts with the State of the forum that the maintenance of the suit does not offend traditional notions of fair play and substantial justice (International Shoe Co. v. Washington, 326 U. S. 310).
Due process also requires that a defendant be given adequate notice of the suit and a reasonable time to appear and defend on the merits. The trend is clearly toward expanding the scope of State jurisdiction over foreign corporations and nonresidents. (McGee v. International Life Ins. Co., 355 U. S. 220.)
The minimum contacts required by the Florida statute do not offend traditional notions of fair play and substantial justice. The defendant was given adequate notice of the action and reasonable time to appear and defend.
A copy of the judgment roll and various orders on appeal in the case of Esser v. Devins was handed up to the court for consideration in connection with the motions before me. It involved a transaction almost identical to the one which is the basis of the judgment in the case at bar. The same plaintiff alleges that the same Wertheim, an employee of Mocrey Associates, Ltd., as broker for a limited partnership organized under the laws of the State of New York, solicited and sold to the plaintiff in Florida an interest in a limited partnership in violation of the Blue Sky Laws of Florida, inducing the plaintiff to set forth a false New York residence when in fact the plaintiff was a resident of Florida. The only difference *239 between the eases is that the general partners were Devins and Tullís instead of Cantor and Siegel.
Service of process upon Devins and Tullís, New York residents, was made in the same manner as upon Cantor in the case at bar. The defendants failed to appear or answer and a default judgment was entered against them. Thereafter the defendants moved to set aside the judgment and to dismiss the complaint on the ground that the court did not have jurisdiction over the person of the defendants. The motion was denied. The District Court of Appeal of Florida, Third District, affirmed the order denying the motion. The petition for rehearing was denied.
In an action by Esser against Devins and Tullís in the Supreme Court, New York County, based upon the Florida default judgment, a motion by plaintiff for summary judgment was granted by Mr. Justice Emilio Nunez (N. Y. L. J., Nov. 10, 1965, p. 5, col. 6).
Thus it is clear that the Florida courts hold that its long-arm statute extends to a case such as the one before me.
The Florida court had jurisdiction over the defendant Cantor. Its judgment must therefore be given full faith and credit by this court.
Plaintiff’s motion for summary judgment is granted and defendant’s cross motion is denied.