**CHEMICAL SEPARATIONS CORP.,**
Plaintiff,

v.

**TREVOR BOYCE ASSOCIATES, INC.,**
Defendant.

No. A–84–69.

United States District Court
D. Alaska.

Oct. 30, 1969.

H. Russell Holland, Anchorage, Alaska, for plaintiff.

David H. Thorsness, Anchorage, Alaska, for defendant.

## MEMORANDUM OPINION

VON DER HEYDT, District Judge:

This is a diversity action between two foreign corporations. Defendant has moved to quash service and dismiss for lack of jurisdiction over the person.

Plaintiff is based in Oak Ridge, Tennessee, Trevor Boyce in Dayton, Texas. On May 2, 1967, these companies entered into a contract by which Trevor Boyce was to install linings in eight chemical storage tanks for Chemical Separations Corporation, and then ship them to Oak Ridge F.O.B. Dayton. The linings were installed, and plaintiff apparently inspected them, or had them inspected at Dayton, and there accepted the work. At this point, after the work was done, the shipping instructions were changed unilaterally by Chemical Separations Corporation, and the tanks were shipped to Kenai, Alaska. After arrival in Alaska defects appeared in the linings, which

cost plaintiff approximately $20,000 to repair. Repairs were accomplished in Alaska, and plaintiff brought its action in Alaska because of the location of the tanks, and the presence of witnesses as to defects and repair.

The action was brought, and process served, by means of F.R.Civ.P. 4(e) and A.S. 09.05.015 (Supp.1969), the so-called long-arm statute. Trevor Boyce moves to dismiss on two grounds: (1) The long-arm statute does not apply to this situation; (2) If it does apply by its terms, it is unconstitutional.

The section of the statute most applicable appears to be § 09.05.015(a) (5) (E), which grants jurisdiction over an action relating to goods, documents of title, or other things of value actually received by the plaintiff from the defendant in Alaska, regardless of origin of shipment. Trevor Boyce urges that this section does not apply because the goods were "received" by plaintiff in Tennessee where it inspected and accepted the work, and that shipping directions were changed unilaterally from those in the contract, making the shipment to Alaska the "purposeful act" of plaintiff, rather than of defendant. Although an interesting theory, Trevor Boyce cites no authority. However, the Court finds it unnecessary to decide the case on this basis. If (a) (5) (E) applies by its terms, the case must be dismissed.

Trevor Boyce's constitutional argument is that under International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), defendant has insufficient "contact" with Alaska to subject it to *in personam* jurisdiction.

Plaintiff argues that the *Hanson* rationale of minimum contacts involving some act by defendant by which he purposely avails himself of the privilege of conducting activities within the State, does not apply to "single act" cases such as this, citing McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

The leading case in this Circuit is L. D. Reeder Contractors v. Higgins Industries, Inc., 265 F.2d 768 (1959). This case recognizes that, under *International Shoe, Hanson,* and *McGee,* a single act of a defendant may be the basis for jurisdiction in a foreign state, but applies the *Hanson* "purposeful act" rule to such cases. Id. at 773.

The contract in the instant case has no substantial connection with Alaska. It was effected by mail from Tennessee to Texas, performed in Texas, and the work was inspected and accepted there. As originally written, the contract made no mention of Alaska. After the work was completed and inspected, a last-minute change by plaintiff in shipping instructions first brought the cause to Alaska. This is not a "substantial" contact.

The State of Alaska has no special interest in enforcing this contract. Neither corporation is Alaskan, and the product involved has caused no injury to anyone in Alaska. *See McGee, supra,* 355 U.S. at 223, 78 S.Ct. 199.

The "estimate of inconveniences" to the parties is the only factor which may balance in plaintiff's favor. The defects were discovered in Alaska, where the repair work was done. Many, if not most, of plaintiff's witnesses therefore will be Alaskans. However, defendant urges that the tanks were not defective when they left Trevor Boyce, and the defects were caused by plaintiff's own actions. A number of witnesses therefore probably will be Texans. The Supreme Court has noted that this factor alone cannot be conclusive. "However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him." Hanson v. Denckla, *supra,* 357 U.S. at 251, 78 S.Ct. at 1238.

Finding no such minimal contacts, defendant's motion to quash service and dismiss is granted for lack of jurisdiction over the person.

An appropriate order of dismissal is filed concurrently herewith.