Edward F. McLaughlin, J.
Defendant moves for an order dismissing this action on the basis that it is a foreign corporation which does not transact any business within the State of New York and that this court is without jurisdiction under the provisions of CPLR 302(subd. [a], par. 1).
In brief, the facts disclose that the plaintiff and defendant signed an employment contract on the 12th day of December, 1969 under the terms of which the plaintiff, as employee of the defendant corporation, was to sell products of the defendant in several different States including the State of New York, and that his compensation for these services as an employee would be on the basis of a schedule of commissions *994 set forth in the said contract which has been made available to the court. In March, 1970 the plaintiff became ill and on March 26, 1970, the defendant gave notice to Savitz, the plaintiff, that his employment was being terminated pursuant to the terms of the employment contract which provided for a termination by either party upon seven days’ advance notice. Thereafter, on January 31, 1972, defendant through its president was personally served with a summons and notice alleging breach of contract based on defendant’s failure to pay commissions and for its failure to maintain plaintiff’s disability insurance. A notice of appearance was served by defendant who thereafter moved to dismiss this cause of action based on the lack of jurisdiction of the New York courts over it as a nondomiciliary defendant. It is pointed out by defendant in its motion that the contract was executed in Georgia. It also appears that the plaintiff in this action is a resident of the State of New York.
The defendant relies principally on the fact there are only two parties in this action, the plaintiff employee and the corporate employer, and relies principally on the decision of the Court of Appeals, Haar v Armendaris Corp. (31 NY2d 1040). In that case, the plaintiff, a resident of Massachusetts, but licensed to practice law in New York, sought to recover for services which he rendered to defendant, a Delaware corporation, under an agreement contained in a letter which was mailed to the plaintiff’s residence in Massachusetts from defendant’s office in California. The letter, in effect, retained plaintiff to negotiate with a New York corporation with the view of execution of a contract between defendant and that corporation. The plaintiff alleged that his activities in the State of New York on behalf of the defendant Delaware corporation conferred jurisdiction on that defendant under CPLR 302(subd. [a], par. 1). The Court of Appeals in answering a certified question reversed the Appellate Division which had affirmed the trial court, and in doing so relied on the dissenting opinion in the Appellate Division (40 AD2d 769). In that dissenting opinion, the court pointed out that both the plaintiff and defendant were nondomiciliaries. It further pointed out that the plaintiff, as an agent of the defendant, was relying solely on his own activities within the State and not any independent activities of the defendant for the purpose of establishing jurisdiction over this foreign corporation, and that the record in that case failed to disclose any purposeful *995 activity engaged in by the defendant, itself, within the State of New York out of which this action arose which would be independent of the activity of the plaintiff as alleged agent of the defendant. This point, plus the fact that the contract between the parties relating to the émployment of the plaintiff was made in Georgia, seems to be the main objections of the defendant to the jurisdiction of this court, based on CPLR 302(subd. [a], par. 1).
The plaintiff contends that the contract of employment although made in Georgia required performance in several States, including the State of New York, and that in accordance with the contract the plaintiff as employee of the defendant did conduct business in the State of New York for the sale of defendant’s products at a number of places cited in the opposing affidavit and that such sales were made by plaintiff for the defendant in the State of New York, with the knowledge, consent, authorization of the defendant, and pursuant to the employment agreement. Furthermore, it is contended that the defendant, itself, conducted business in the State of New York, independently, in that defendant continued upon a course of conduct whereby sales to New York buyers were negotiated without plaintiff’s activities and that defendant delivered goods to New York customers, received payment from New York customers, and independently carried out business transactions and otherwise engaged in commerce in the State of New York and has continued to do so. Plaintiff further refers to the terms of the written contract which call for performance in the State of New York and which would in and of itself by its own terms make the defendant amenable to jurisdiction of the courts of the State of New York, particularly since no restrictions were set forth in the contract that such contract would be decided by the laws of Georgia nor did it contain any restrictions such as are pointed out in Longines-Wittnauer Watch Co. v Barnes & Reinecke (15 NY2d 443, 456). At page 457, the court in discussing this jurisdictional question said "therefore, even though the last act marking the formal execution of the contract may not have occurred within New York, the statutory test may be satisfied by a showing of other purposeful acts performed by the appellant in this State in relation to the contract, albeit preliminary or subsequent to its execution.”
The court having reviewed the pleadings, memoranda of law, and exhibits, and the motion having been submitted to *996 the court by both parties, after due deliberation, denies the motion of the defendant for a dismissal of this complaint on the grounds of lack of jurisdiction of this court under CPLR 302(subd. [a], par. 1).
The court on the papers before it distinguishes the facts set forth in Haar v Armendaris Corp. (supra) from the facts in the instant case in that in Haar the parties were both nondomiciliaries of the State of New York and the action was brought on a letter sent from California to Massachusetts retaining the plaintiff to act as the agent of defendant in negotiating a contract in the State of New York. In the instant case, we have a contract of employment which admittedly requires personal effort on the part of the plaintiff as a salesman to make sales and contact the customers in several States including the State of New York in which such contract was made, but in addition, it requires independent acts on the part of a nondomiciliary corporate defendant to see that these goods are delivered and to receive and service other orders and conduct other activities which would be independent of the efforts of the plaintiff. The court further is cognizant of the fact that the contract, although made in Georgia, called for performance in the State of New York with the employee being a salesman, which would, by the very nature of his job and the territory covered under the contract, require independent activities on the part of the defendant corporation in the State of New York to keep his business active and to properly service it in the nine States embraced in the contract, including the State of New York. Not only did the contract upon which suit is based have substantial connection with the State of New York (McGee v International Life Ins. Co., 355 US 220, 223) but also appellant’s contact with the State was such that a maintenance of the suit does not offend traditional notions of fair play and substantial justice. (International Shoe Co. v Washington, 326 US 310, 316.)
Under the facts and circumstances, the court should and hereby does deny the motion of the defendant to dismiss the plaintiff’s complaint on the issue of jurisdiction of this court under CPLR 302(subd. [a], par. 1).