[Civ. No. 45663. Second Dist., Div. Two. Oct. 24, 1975.]

JOSEPH LOUIS LISONI, Plaintiff and Appellant, v.
DAVE COLE PONTIAC, INC., Defendant and Respondent.

446

**COUNSEL**

Joseph Louis Lisoni, in pro. per., for Plaintiff and Appellant.

Virgil R. Wells and Robert L. Sherlock for Defendant and Respondent.

**OPINION**

**ROTH, P. J.**—Appellant, Joseph Louis Lisoni, a California resident, served Dave Cole Pontiac, Inc., (a New Jersey corporation) (respon-

dent) with a summons and complaint in New Jersey. The complaint sought damages caused as the proximate consequence of the defective assembly of a brake hose in an automobile manufactured by General Motors Corporation and retailed by respondent in New Jersey. Respondent moved to quash service of summons on the ground that California had no jurisdiction. The motion was granted.

This appeal is from the order.

The facts are undisputed.

The complaint names General Motors Corporation and DOES 1-20 as defendants and is predicated upon strict liability in tort against the manufacturer and retailer of the automobile (*Elmore* v. *American Motors Corp.* (1969) 70 Cal.2d 578 [75 Cal.Rptr. 652, 451 P.2d 84]; *Vandermark* v. *Ford Motor Co.* (1964) 61 Cal.2d 256 [37 Cal.Rptr. 896, 391 P.2d 168]), and includes respondent as a defendant under the authority of section 410.10 of the Code of Civil Procedure.

■ A court of this state may, subject to the test of "due process," exercise personal jurisdiction over a nonresident on any basis not inconsistent with the Constitution of this state, or of the United States. (Code.Civ. Proc., § 410.10.)

The test of "due process" was established in the landmark case, *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057]. *Internat. Shoe,* fortified by *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199], and *Hanson* v. *Denckla* (1958) 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228], holds that before a nonresident may be subjected to personal jurisdiction of a state other than its residence the forum state must establish "minimum contacts" of the nonresident within its borders and show that the maintenance of the suit in the forum state does not offend "traditional notions of fair play and substantial justice."

On or about May 20, 1965, General Motors Corporation sold to respondent at its principal place of business in Pennsauken, New Jersey, a 1965 Pontiac Bonneville, referred to herein as automobile or vehicle. Respondent subsequently sold it in Pennsauken to Samuel Curry, the present owner of the vehicle, who at the time of purchase was a resident of Philadelphia, Pennsylvania.

Unknown to respondent, at the time of the sale the vehicle was defective and unsafe in that after use or extended mileage a sudden brake application might rupture front flexible brake hoses and cause a failure of the vehicle's hydraulic braking system.

On April 2, 1969, four years after the sale, the entire line of Bonnevilles of which the vehicle was one were recalled by General Motors Corporation because of the defect described.

On October 24, 1972, in Los Angeles, California, appellant was struck by the vehicle due to its braking defect while walking in a crosswalk on a green light. On October 1, 1973, he filed the action at bench and, predicated upon the sale thereof as described above, included respondent as a defendant.

Appellant and the original purchaser of the vehicle, Samuel Curry, and the driver of the vehicle, were at the time of the said accident and are now residents of Los Angeles County. The nurses and doctors who provided the medical treatment as well as the hospital were all in Los Angeles County.

Respondent was at all times relevant and is now a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey with its principal place of business in Pennsauken, New Jersey; it does not now have nor has it ever at any time had a principal or any other type of office within the State of California; it has not at any time filed with the Secretary of State for the State of California its articles of incorporation, nor has it at any time designated any person residing within the State of California upon whom process directed to it may be served, nor has it at any time filed with the Secretary of State its irrevocable consent to such service or to service or process upon it by the Secretary of State; it does not now have nor has it at any time had salesmen offering its products for sale in this state or any employees residing in this state.

Respondent deals only in the sale and service of new and used automobiles and accepts orders for such sale and service only in Pennsauken, New Jersey. Respondent does not engage nor has it at any relevant time engaged in business activities in this state, and does not deliver, nor has it at any relevant time delivered automobiles in this state and has no business contacts in this state; it does not own nor has it at any relevant time owned property of any kind, nor does it maintain or

has it at any relevant time maintained stock, goods or supplies, or a warehouse or bank account in this State.

■ The conceded and undisputed facts show that respondent had no contacts with this state; the vehicle was sold in New Jersey to one Curry, a Pennsylvania resident in May of 1965; there is no suggestion that at the time of the sale to Curry or any other time respondent knew that the automobile was to be used in California, and the accident to appellant occurred in October of 1973. To establish jurisdiction appellant has the burden to show "minimum contacts" with this state and in addition that the reach of the "long-arm" jurisdiction of California is consistent with "traditional notions of fair play and substantial justice." There is a complete lack of such a showing.

Appellant relies on *Vibration Isolation Products, Inc.* v. *American Nat. Rubber Co.* (1972) 23 Cal.App.3d 480 [100 Cal.Rptr. 269], but his confidence is misplaced. In *Vibration,* plaintiff, a California resident, had contracted to and did supply neoprene discs to one of its customers. The discs did not meet the expected standard and as a consequence plaintiff suffered damage. The facts showed that Vibration had purchased the discs from a Minnesota corporation which had purchased them from American, a West Virginia corporation, which had fabricated the discs. Vibration also established that small quantities of the discs were sold in California but the record showed that all such discs were purchased by California customers from a Detroit entity which had purchased the discs from American. In addition, the record showed that all orders placed by the entities in Minnesota and Detroit were sent to and accepted by American in West Virginia and were shipped f.o.b. West Virginia and that title to the purchases made by the Minnesota and Detroit entities passed to each in West Virginia. The *Vibration* court analyzed pertinent cases on the subject of "long-arm" jurisdiction and held American was not within its reach.

Appellant also urges that the Judicial Council comment to section 410.10 of the Code of Civil Procedure indicates in pertinent part various forms of "minimum contact": (1) Incorporation in California; (2) Consent; (3) Appointment of agent; (4) Appearance; (5) Doing business in California; (6) Doing an act in California; (7) Causing an effect in California by an act or omission elsewhere; and (8) Ownership, use or possession of things in California. Appellant suggests item (7) applies at bench.

We have read the complete comment and find nothing therein which eliminates or modifies the two-pronged test. (*Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057])

The order quashing service upon respondent is affirmed.

Fleming, J., and Beach, J., concurred.