JUSTICE HUNT,
dissenting:
I dissent. The dispute in this case concerns the validity of a trust administered by First Interstate Bank of Nevada, N.A. (FIBN), as trustee. FIBN, by accepting the appointment as trustee of a trust established by a Montana resident, transacted business in this state, thereby subjecting it to jurisdiction under the longarm statute, Rule 4B(l)(a), M.R.Civ.P.
The present case is not on all fours with Hanson v. Denckla (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, as the majority would have us believe. In Hanson, a Pennsylvania resident executed a trust instrument in Delaware naming a Delaware trust company as trustee. The trustor then moved to Florida, where she died. The Supreme Court held that the Delaware trustee could not be subject to the jurisdiction of the Florida courts when jurisdiction would be based solely upon the unilateral actions of the trustor.
In the present case, Nevada residents executed a trust instrument in Nevada naming First National Bank of Reno, Nevada, as trustee. In 1970, one of the trustors died and the surviving trustor moved to Montana. In 1979, after the trustor had resided in Montana for nine years, FIBN accepted the appointment as successor trustee to the trust.
Unlike Hanson, jurisdiction in the present case is not based solely upon the unilateral actions of the trustor. Rather, the actions of the trustee in this case are akin to the actions of the insurance company in McGee v. International Life Ins. Co. (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. Both the trustee in this case and the insurance company in McGee purposefully interjected themselves into the forum state, availing themselves of the benefits and protections of the forum’s laws. FIBN purposefully interjected itself into this state in 1979 when it accepted the appointment as trustee to the Ducey trust.
Apparently, FIBN became the successor trustee through a merger with First National in 1979. Although the trust agreement contained *427 a provision regarding the right of the trustee to resign, it made no provision regarding the automatic transfer of trusteeship upon the merger of the trustee bank with another. The resignation clause merely provided as follows:
“The right is reserved by and granted to the Trustee, upon notice in writing to the Trustors during their lifetime or to the surviving Trustor during his or her lifetime, to surrender this trust, and upon such election by the Trustee, the Trustors shall accept the resignation of the Trustee and shall appoint a new Trustee, and in the event of the failure, refusal or inability of the Trustors so to do, the Trustee, at the cost and expense of the trust estate, may secure the appointment of a new Trustee in the manner provided by law.”
From this clause, we can surmise one of two facts, both pointing toward jurisdiction. Either FIBN solicited the trustee appointment from the trustor in Montana or First National appointed FIBN to act as trustee in its stead. In either case, FIBN accepted the appointment knowing that the trustor was a Montana resident.
FIBN should have reasonably anticipated being haled into court in Montana. It accepted the appointment as trustee for a Montana resident’s trust, which named Montana residents as beneficiaries. It forwarded periodic trust payments to the trustor in Montana. It negotiated over the phone with the trustor in Montana, allegedly instructing her to draft a will and send it a copy to allow the trust assets to pass under the will — the very subject of these discussions form the basis of the present controversy.
Montana has an interest in assuring that the wishes of individuals who die while residents of this state are carried out. Furthermore, as the state where the will is probated, this state is the most efficient forum for the resolution of the present controversy.
I would affirm the District Court on this issue.
JUSTICE SHEEHY, concurs in the foregoing dissent.
I agree with the dissent of Justice William E. Hunt, Sr.