[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 12482-B
On June 5, 1995, the plaintiff, Sarah DeCapua, filed a complaint against the defendants, Joseph Williams and Lydia Williams, seeking damages for emotional distress based upon the defendants' alleged menacing and threatening behavior towards DeCapua. In her complaint, DeCapua alleges that she resides in the home where her late fiance, Richard Cintron, lived before his death in October, 1994. Defendant, Lydia Williams, is Cintron's sister, and defendant, Joseph Williams, is the husband of Lydia Williams. Both defendants are residents of Florida.
DeCapua alleges that on April 8, 1995, the defendants came to her residence without her permission for the purpose of removing Cintron's personal items from the home. DeCapua alleges that while there, Joseph Williams acted in a "menacing, threatening and irrational manner" towards her, including making "physically threatening gestures to those who were [present]," and "mak[ing] numerous derogatory comments" about her. As a result, DeCapua alleges that she suffered great emotional distress.
The complaint recites three counts, sounding in intentional, negligent and reckless infliction of emotional distress, respectively. The first and third counts of the complaint are directed towards defendant, Joseph Williams, only, while the second count is directed towards both defendants. DeCapua alleges that the court has jurisdiction by virtue of the Connecticut long-arm statute, General Statutes § 52-59b(a)(2).
On June 13, 1995, after a hearing, the court, Stodolink, J., granted DeCapua's application for a temporary injunction against defendant, Joseph Williams, only. On July 10, 1995, the defendants jointly moved to dismiss the action, alleging that the court lacks personal jurisdiction over them.
In support of their motion, the defendants argue that for them to be subject to the jurisdiction of this court, there must be certain "minimum contacts" between the defendant and the forum state, in addition to compliance with Connecticut's long-arm statute, to satisfy due process considerations of the federal constitution. The defendants allege that insufficient minimum contacts exist to confer jurisdiction in accordance with due process principles since they reside in Florida and their only contacts with Connecticut were "in what could be deemed an CT Page 12482-C administrative capacity in winding up their deceased brother's estate."
In response, DeCapua argues that her allegation in the complaint that the defendants committed tortious acts in the state satisfies the minimum contacts requirement and the long-arm statute. Additionally, DeCapua argues that the court implicitly "found personal jurisdiction against these Defendants" by granting the temporary injunction against Joseph Williams.
Moreover, DeCapua argues that the defendants received notice of this action not only through compliance with the service requirement of Connecticut's long-arm statute via service on the Secretary of State, but also through personal service upon them by a Florida process server. This notice, DeCapua argues, subjects the defendants to the personal jurisdiction of this court.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). Since the defendants' motion to dismiss was filed within thirty days of their appearance in this action, it was timely filed. See Practice Book § 142.
"It is hornbook law that, in order for the courts of one state to acquire personal jurisdiction over an out-of-state party, two requirements must be met: (1) the forum's long-arm statute must be complied with; and (2) there must be sufficient contacts with the forum state." (Emphasis in original.) Cato v.Cato, 226 Conn. 1, 18, 626 A.2d 734 (1993); see also Frazer v.McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986).
The defendants argue that they lack minimum contacts with the State of Connecticut such that they can be held subject to the jurisdiction of this court because their "sporadic trips to the State, even combined with a number of telephone calls or fax transmissions, does not raise the level of contact such that jurisdiction can be inferred." However, "[a] single act having impact in and connection with the forum state can satisfy the minimum contacts test. . . ." McGee v. International LifeInsurance, 355 U.S. 220, 224, 78 S.Ct. 199, 2 L.Ed.2d 199 (1957). The defendants do not challenge DeCapua's allegation that they were present in Connecticut on the day of the alleged tortious act. Moreover, the defendants admit that they had additional
CT Page 12482-D contacts with Connecticut by way of "sporadic trips to the State . . . a number of telephone calls . . . [and] fax transmissions. . . ." As such, by the defendants' own admission, it is clear that minimum contacts exist between the defendants and the State of Connecticut sufficient to confer personal jurisdiction. Thus, the motion to dismiss is denied.
Stodolink, J.