# CIRCUIT COURT OF THE CITY OF RICHMOND

Bruce E. Bourgeois

v.

North Country Ins. Co.

April 2, 1998

Case No. LC-2540-4

BY JUDGE RANDALL G. JOHNSON

This case is before the court on defendant's motion to quash service of process. At issue is whether the court may exercise personal jurisdiction over defendant, a foreign insurance company, under Virginia's long-arm statute, Va. Code § 8.01-328.1, subsection (A)(1) of which provides that Virginia courts may exercise personal jurisdiction over a person (or corporation) as to a cause of action "arising from the person's [or corporation's] ... [t]ransacting any business in this Commonwealth." The court holds that it may exercise personal jurisdiction.

The facts relevant to defendant's motion are not in dispute. Plaintiff, a resident of Virginia, owns a summer home in Franklin County, New York. The defendant, North Country Insurance Company, is located in New York and issued a policy of insurance on the New York property covering losses from, among other things, theft. While plaintiff applied for the policy while he was physically located in New York, the policy itself and all premium notices were mailed to plaintiff in Virginia. At some point during the policy period, plaintiff's mortgage company, listed as a loss-payee on the policy, changed, as did the face amount of the policy and the amount of the premiums. There is no evidence that the company has ever had any other contacts with Virginia. In October 1996, a theft occurred at the property, and plaintiff submitted a claim to the company. When the company refused to pay the claim, plaintiff filed this action.

In *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 377 S.E.2d 388 (1989), the court said:

> The function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States … . The Due Process Clause, however, protects a person's liberty interest in not being subject to the binding judgments of a forum unless he has "certain minimum contacts" within the territory of the forum so that maintenance of the action does not offend "traditional notions of fair play and substantial justice."

237 Va. at 259 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); other citations omitted).

While the court went on to note a "clearly discernible" trend "toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents," (*id.* at 259-60, *citing McGee v. International Life Ins. Co.*, 355 U.S. 220, 222 (1957)), it remains the law that jurisdiction will not be exercised under the long-arm statute if doing so offends traditional notions of fair play and substantial justice. The court holds that applying the long-arm statute here does not offend those traditional notions.

In *August v. HBA Life Ins. Co.*, 734 F.2d 168 (4th Cir. 1984), an Arizona resident purchased a medical insurance policy for himself and his family, all of whom lived with him in Arizona. Later, the family became residents of Virginia. August continued to pay premiums on the policy and the company never took any action to terminate it. When the company failed to pay a claim for August's wife's hospitalization, August sued in Virginia. The court cited the following contacts which the insurer had with Virginia:

> HBA's contacts with Virginia are as follows: The owner of its policy, issued to him in Arizona when an Arizona resident, came to reside in Virginia. The members of his family covered by the policy came with him. The events insured against are likely, as a result of the move, to occur in Virginia. Premiums are remitted by mail from Virginia to HBA in Arizona. A loss has allegedly occurred in Virginia, and a claim has been asserted by mail from Virginia. In a letter of denial mailed from Arizona to Virginia, HBA solicited an agreement which would have reduced the coverage afforded by the policy.

734 F.2d at 172.

After stating that the August family's move to Virginia and the insurer's acceptance of premium payments after that move were *not* sufficient, by themselves, to warrant the exercise of personal jurisdiction over the insurer, the court still held that personal jurisdiction could be exercised. Specifically, the court held that the insurer's attempt, after August had moved to Virginia and although the attempt was unsuccessful, to negotiate a rider that would have reduced the coverage provided by the policy was a sufficient contact with Virginia, when considered in light of the insurer's other contacts, to invoke the long-arm statute. The court said:

> The original policy covered loss resulting from "disorders of organs peculiar to females [but] only if such expense is incurred after this policy has been in force as to the person whose illness is the basis of claim for ten (10) months preceding the date such expense is incurred, and such ... disorders to organs peculiar to females originates thirty (30) days after the date coverage hereunder is effective ... ."
>
> The rider, however, previously quoted, would entirely exclude coverage for this type of disease if suffered by Mrs. August.
>
> The proposed rider would thus significantly broaden the exclusion in the original policy.
>
> Under the circumstances, including August and his family having become residents of Virginia and August's continuation of the policy in force by payment of premiums, we think that HBA's solicitation of the execution of the rider, mailed to Mr. August in Virginia, was a sufficient predicate for exercise of long-arm jurisdiction over HBA, resulting in the state court judgment.

734 F.2d at 173.

It is true that the present defendant's contacts with Virginia are not as significant as HBA's contacts were in *August*. Most notably, the risks insured in this case have always been located in New York and, since they apply to a specific piece of property in New York, will always be located there. Nonetheless, defendant's contacts with Virginia are still sufficient for this court to exercise personal jurisdiction over it.

As already noted, the policy of insurance and all premium notices were mailed to plaintiff in Virginia. In addition, the loss-payee under the policy, plaintiff's mortgage company, was changed after the original application was made. Most importantly, the face amount of the policy and the premiums have increased since the policy was originally issued. It is this court's view that if

HBA's *unsuccessful* attempt to negotiate a change in its policy was a sufficient contact with Virginia to invoke the reach of the long-arm statute in that case, the present defendant's *successful* attempt to increase the face amount of its policy and plaintiff's premiums is sufficient to invoke the reach of the statute in this case, and the court so holds. Accordingly, defendant's motion to quash must be denied.