Victor Omar **PORTUGUÉS** Santa, Plaintiff,

v.

**VENABLE LLP, et al., Defendants.**

Civil No. 07–1104(GAG).

United States District Court, D. Puerto Rico.

July 16, 2007.

Ralph Jr., Vallone–Jr., Ralph Vallone, Jr. Law Office Cond. Son Sid, San Juan, PR, for Plaintiff.

Carlos A. Rodriguez–Vidal, Goldman Antonetti & Cordova, San Juan, PR, for Defendants.

## *OPINION AND ORDER*

GELPI, District Judge.

Plaintiff Victor Omar Portugués Santa ("Portugués") filed this action against Defendants Venable LLP ("Venable") and Birch Bayh ("Bayh"), in his personal capacity and in his official capacity as a Venable partner. Portugués' Verified Complaint (Docket No. 1) alleges fraud, deceit, false representation, and breach of contract claims against Defendants. Presently before the court is Bayh's motion to dismiss for lack of personal jurisdiction (Docket Nos. 5 & 7), Portugués' opposition thereto (Docket No. 10), and Bayh's subsequent reply (Docket No. 12). After reviewing the relevant facts and applicable law, the court **DENIES** Bayh's motion to dismiss for lack of personal jurisdiction (Docket No. 5).

## I.   Rule 12(b)(2) Standard

Upon a Fed.R.Civ.P. 12(b)(2) motion to dismiss, the burden is on the plaintiff to prove that personal jurisdiction over the defendant exists. *See Mass. Sch. of Law v. ABA,* 142 F.3d 26, 34 (1st Cir.1998); *Rodriguez v. Fullerton Tires Corp.,* 115 F.3d 81, 83 (1st Cir.1997). When the court considers the motion to dismiss without a hearing, the plaintiff need only make a *prima facie* showing of jurisdiction.[1] *Saw-*

---

1.   Neither Bayh nor Portugués requested jurisdictional discovery, an evidentiary hearing, or findings of fact. The court, therefore, applies the *prima facie* standard, the most commonly used method of deciding a motion to dismiss for lack of personal jurisdiction. In his motion to dismiss, Bayh concedes that, at early stages of litigation, the court typically employs the minimally taxing *prima facie* standard. *See* Docket No. 5, p. 4.

*telle v. Farrell,* 70 F.3d 1381, 1386 n. 1 (1st Cir.1995).

Under the *prima facie* standard, the plaintiff must make a showing as to every fact required to satisfy the elements of both the forum's long-arm statute and the Due Process Clause of the United States Constitution. *Rodriguez,* 115 F.3d at 84. This showing must be founded upon facts evidenced in the record. In determining whether the plaintiff has made a *prima facie,* the court does not sit as fact finder. *Boit v. Gar–Tec Prods., Inc.,* 967 F.2d 671, 675 (1st Cir.1992). Rather, the court determines only "whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction." *Rodriguez,* 115 F.3d at 84. The court must take facts affirmatively alleged by the plaintiff as true and construe them in the light most favorable to the plaintiff's jurisdictional claim. *See Mass. Sch. of Law,* 142 F.3d at 34. The court may also consider any additional facts put forward by the defendant, so long as they are uncontradicted. *Id.*

## II. Factual and Procedural Background

Portugués is a resident and domiciliary of Puerto Rico. Venable is a practicing law firm existing as a partnership under the laws of another state. Bayh is a partner of the firm and the signatory of the agreement between Venable and Portugués that underlies Portugués' claims.

On January 31, 2006, Portugués flew to Washington D.C. to meet part of Venable's board of directors, as arranged by non-party Rekomdiv Int'l., Inc. ("Rekomdiv"). During that meeting Venable offered to act as Portugués' counsel, together with Rekomdiv, in order to acquire a Victoria's Secret franchise in Puerto Rico. Bayh made alleged misrepresentations which led Portugués to believe that aquisition of the franchise was a virtual certainty. On February 1, 2006, the parties signed a contract, which Bayh addressed to Portugués' Puerto Rico address. Bayh agreed to assist Portugués in obtaining the franchise, as well as assist Portugués in dealing with persons, including the Department of State of the Commonwealth of Puerto Rico, "whose approval may have been required for developing the franchise and/or business in that locale." Docket No. 1, pp. 1–2. Also on February 1, 2006, Portugués transferred $400,000 to Venable as required by the contract. On April 18, 2006, Bayh sent a letter to Portugués, again addressed to Puerto Rico, which referred to the Victoria's Secret project.

On February 6, 2007, Portugués filed a complaint invoking the court's diversity jurisdiction. *See* Docket No. 1. On April 21, 2007, Bayh moved to dismiss the complaint averring that the court lacks personal jurisdiction over him. *See* Docket No. 5. Bayh supported his motion to dismiss with a memorandum filed on April 23, 2007. *See* Docket No. 7. Portugués opposed Bayh's motion on May 14, 2007, and Bayh subsequently replied on May 21, 2007. *See* Docket Nos. 10 and 12.

## III. Personal Jurisdiction

To demonstrate that personal jurisdiction exists, the plaintiff must establish sufficient facts to support a *prima facie* case under Puerto Rico's long-arm statute and the Due Process Clause of the United States Constitution. *Rodriguez,* 115 F.3d at 84; *see also* Joseph W. Glannon, *Civil Procedure: Examples and Explanations* 23–30 (5th ed.2006) (explaining statutory and constitutional limitations on personal jurisdiction). Puerto Rico's long-arm statute allows Puerto Rico courts to exercise jurisdiction over a non-resident defendant if the action arises because that person: "(1) [t]ransacted business in Puerto Rico personally or through an agent; or (2)

participated in tortuous acts within Puerto Rico personally or through his agent. . . ." P.R. Laws Ann. tit. 32, App. III, R. 4.7(a)(1); *see also Rodriguez v. Fullerton Tires Corp.,* 937 F.Supp. 122, 124 (D.P.R. 1996), *aff'd,* 115 F.3d 81 (1st Cir.1997). The First Circuit has established that the reach of Puerto Rico's long-arm statute "stretches 'up to the point allowed by the Constitution.'" *Benitez–Allende v. Alcan Aluminio do Brasil, S.A.,* 857 F.2d 26, 29 (1st Cir.1988) (quoting *Indus. Siderurgica, Inc. v. Thyssen Steel Caribbean, Inc.,* 114 D.P.R. 548, 558 (1983)). Therefore, the court proceeds directly to the constitutional inquiry.

Due process requires the plaintiff to prove the existence of either general or specific jurisdiction. The court may assert general jurisdiction when the defendant engaged in continuous and systematic activity in the forum, even if the activity is unrelated to the suit. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1089 (1st Cir.1992). Portugués has made no showing of any contacts which the court could construe as continuous or systematic. As such, the court concludes that it lacks general personal jurisdiction over Bayh.

■ The court may assert specific jurisdiction when the cause of action arises directly out of, or relates to, the defendant's forum-based contacts. *Negron– Torres v. Verizon Commc'ns, Inc.,* 478 F.3d 19, 24 (1st Cir.2007). In determining whether the plaintiff has brought forth enough facts to establish specific jurisdiction, the court must apply a three-part test. *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.,* 196 F.3d 284, 288 (1st Cir.1999).

First, an inquiring court must ask whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum. Second, the court must ask whether those contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws. Third, if the proponent's case clears the first two hurdles, the court then must analyze the overall reasonableness of an exercise of jurisdiction in light of a variety of pertinent factors that touch upon the fundamental fairness of an exercise of jurisdiction.

*Id.* While the plaintiff must satisfy each element, the "relative strength or weakness of the plaintiff's showing on the first two elements bears upon the third element (the overall fairness of an exercise of jurisdiction)." *Id.* at 288 n. 1; *see also Ticketmaster–N.Y., Inc. v. Alioto,* 26 F.3d 201, 207 (1st Cir.1994).

### A. Relatedness

■ The first prong requires a "nexus between the defendant's contacts and the plaintiff's cause of action." *Ticketmaster,* 26 F.3d at 206. In tort claims, this element serves to ensure "that the element of causation remains in the forefront of the due process investigation." *Id.* at 207; *see also Mass. Sch. of Law,* 142 F.3d at 35. In contract claims, a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to satisfy the relatedness prong. *See Phillips Exeter Acad.,* 196 F.3d at 290. The plaintiff must demonstrate a substantial connection between the contract and the forum. *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) ("It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State."). The court must examine "the prior negotiations and **contem-**

plated future consequences, along with the terms of the contract and the parties' actual course of dealing," in order to establish a substantial connection between the contract and the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 479, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (emphasis added). In either a tort or contract case, the lack of physical contact with a forum will not defeat the finding of jurisdiction. *See United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 621–22.

Portugués incurred injury when he transferred $400,000 to Bayh. Bayh's alleged tortuous activity, including his misrepresentations regarding his intimacy and influence with Victoria's Secret's parent company, directly caused the harm that Portugués incurred in Puerto Rico. This "causal nexus" provides a basis for jurisdiction over Bayh. *See Calder v. Jones,* 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (holding that jurisdiction proper when intentional conduct in Florida caused injury in California); *see also N. Laminate Sales, Inc. v. Davis,* 403 F.3d 14, 25 (1st Cir.2005). In *N. Laminate Sales,* the court similarly held that the relatedness prong was met because the plaintiff would not have transferred funds but for an alleged misrepresentation, regardless of where the misrepresentation was made. *Id.*

Portugués' contract with Bayh and Venable had a substantial connection with Puerto Rico. The contract's ultimate objective meant to bring a franchise to Puerto Rico. The contract also contained language describing Bayh's contractual obligation to deal with "persons in Puerto Rico." Docket No. 10, Exh. 4. There is no bright line rule on the minimum contacts which suffice to support personal jurisdiction. Here, the contract's contemplated future consequences involved significant contacts be-

tween Bayh and Puerto Rico. Thus, the relatedness requirement is met.

**B. Purposeful Availment**

The court must next examine whether the defendant's contacts constitute a purposeful availment of the privilege of conducting activities in the forum, thereby "invoking the benefits and protections of [the forum's] laws." *Burger King,* 471 U.S. at 475, 105 S.Ct. 2174. In order to assure that jurisdiction over the defendant is not based merely upon a random contact, the contact in question must be voluntary and must create reasonable foreseeability that the defendant could be sued in the forum. *See Ticketmaster,* 26 F.3d at 207; *Microfibres, Inc. v. Squires Hightech Corp.,* No. CA 04–21–T, 2006 WL 305975, at *19 (D.R.I. Feb. 8, 2006).

The mere fact that the defendant entered into a contract by his own free will does not evidence the requisite voluntariness. *See Phillips Exeter Acad.,* 196 F.3d at 292. The plaintiff must also show "that the defendant actually reached out to the plaintiff's state of residence to **create** a relationship." *Id.; see also Brian Jackson & Co. v. Eximias Pharm. Corp.,* 248 F.Supp.2d 31, 35–36 (D.R.I.2003) (requiring voluntary decision by defendant to inject itself into the local economy as market participant). Bayh solicited Portugués as a client via telephone while Portugués was in Puerto Rico. *See* Docket No. 10, ¶ 2. Therefore, Bayh reached out to Puerto Rico and the voluntariness requirement is met.

The foreseeability aspect of purposeful availment prong requires that a defendant have "fair warning" that his actions may subject him to jurisdiction in a particular forum. *See Burger King,* 471 U.S. at 476–77, 105 S.Ct. 2174. Here, Bayh's actions were intentionally directed at Puerto Rico and should have alerted him to the fact

that he could be subject to personal jurisdiction in Puerto Rico. *See Swiss Am. Bank, Ltd.*, 274 F.3d at 623–24 (requiring "defendant purposefully and voluntarily directs his activities toward the forum"); *see also Phillips Exeter Acad.*, 196 F.3d at 292; *Ticketmaster*, 26 F.3d at 207–08. The fact that Bayh reached out to Puerto Rico, for financial gains, satisfies the foreseeability requirement. *See Burger King*, 471 U.S. at 473–74, 105 S.Ct. 2174 (noting unfair for defendant to escape jurisdiction after intentionally deriving benefit from in forum activities).

Bayh voluntarily reached out to Portugués to establish an ongoing business relationship. He had, or should have had, fair warning as to the possibility of being subjected to personal jurisdiction in Puerto Rico. Therefore, the purposeful availment prong is met.

### C. Reasonableness

■ The reasonableness prong varies depending on the strengths and weaknesses of the prior two prongs. *Ticketmaster*, 26 F.3d at 210 ("An especially strong showing of reasonableness may serve to fortify a borderline showing of relatedness and purposefulness."). In assessing the reasonableness of exercising personal jurisdiction, the court must consider five "Gestalt factors:"

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*Ticketmaster*, 26 F.3d at 209 (citing *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174).

The first factor, Bayh's burden in appearing, is not "special or unusual" as required. *See Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir.1994) (noting burden in appearing "only meaningful where a party can demonstrate some kind of special or unusual burden."). Here, Bayh puts forth no evidence to show any unusual burden. Thus, this factor weighs in favor of the court exercising jurisdiction over him.

The second factor, Puerto Rico's interest in providing a forum, also weighs in favor of exercising jurisdiction. Every jurisdiction has an interest in providing a forum for its residents to bring claims against non-resident defendants. More specifically, Puerto Rico has an interest in enforcing contracts entered into by its citizens, including Portugués. *See Jet Wine & Spirits, Inc. v. Bacardi & Co.*, 298 F.3d 1, 12 (1st Cir.2002); *Trio Realty, Inc. v. Eldorado Homes, Inc.*, 350 F.Supp.2d 322, 332 (D.P.R.2004).

The third factor clearly weighs in favor of exercising jurisdiction. Portugués has an interest in obtaining convenient and effective relief in a court of his own state. *See Ticketmaster*, 26 F.3d at 211 (stating courts must afford degree of deference to plaintiff's choice regarding convenience issue). Bayh has the burden of showing that there is a more convenient forum, and he has made no such showing.

The fourth factor, the judicial system's interest in the effective administration of justice, does not weigh in either party's favor. Either Puerto Rico or Washington D.C. could effectively resolve the controversy. *See Sawtelle*, 70 F.3d at 1395 (noting fourth factor neutral where neither forum is more effective for resolution).

Similarly, the last gestalt factor favors neither Bayh or Portugués. Neither Puerto Rico nor Washington D.C. can claim that it has a larger interest in promoting substantive social policies. *See id.* (requiring court to consider prominent policy is-

sues implicated by its decision regarding personal jurisdiction). Puerto Rico has an interest in protecting its citizens from out of state businesses, as well as providing its residents with a forum in which to bring claims. Washington D.C. also has an interest in protecting its residents and businesses and providing a convenient forum.

Of the five Gestalt factors, three weigh in Portugués' favor and two are neutral. Consequently, the reasonableness inquiry supports the court's exercise of personal jurisdiction over Bayh.

Applying the *prima facie* standard, Portugués has made a showing as to every fact essential to exercising personal jurisdiction. He has satisfied all three prongs of the specific personal jurisdiction test—relatedness, purposeful availment, and reasonableness. In this case, the exercise of jurisdiction in Puerto Rico does not offend the notions of fair play and substantial justice and, therefore, does not violate the Due Process Clause.

## IV.  Conclusion

In light of the foregoing, the court hereby **DENIES** Bayh's motion to dismiss for lack of personal jurisdiction (Docket No. 5).

**SO ORDERED.**