HELENE N. WHITE, Circuit Judge,
concurring.
I join in the affirmance but write separately to address the House Report relied on by DGFM and the Ninth Circuit in concluding that the subject-matter inquiry subsumes the personal-jurisdiction/minimum-contacts inquiry. The House Report states:
(b) Personal Jurisdiction.—-Section 1330(b) provides, in effect; a Federal long-arm statute over foreign states (including political subdivisions, agencies, and instrumentalities of foreign states). It is patterned after the long-arm statute Congress enacted for the District of Columbia. Public Law 91-358, sec. 132(a), title I, 84 Stat. 549. The requirements of minimum jurisdictional contacts and adequate notice are embodied in the provision, Cf. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and McGee v. International Life Insurance Co., 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). For personal jurisdiction to exist under section 1330(b), the claim must first-of all be one over which the district courts have original jurisdiction under section 1330(a), meaning a claim
*398 for which the foreign state is. not entitled to immunity.. Significantly, each of-the immunity provisions in the bill, sections 1605-1607, requires some connection between the dawsuit and-the United States, or an express or implied, waiver, by the foreign state of its immunity from jurisdiction. These' immunity provisions, therefore, prescribe the necessary contacts which must exist before óür courts can exercise personal jurisdiction. Besides incorporating these jurisdictional contacts by reference, section 1330(b) also satisfies the due process requirement of adequate notice by prescribing that proper service be made under section 1608 of the bill. Thus, sections 1330(b), 1608, and 1605-1607 are all carefully interconnected.
H.R. Rep. 94-1487, at 13-14 (1976) (footnotes omitted).
This subsection of the House Report explains the intent behind the FSIA’s long-arm statute—which permits the district courts to exercise personal jurisdiction over a foreign sovereign whenever the federal courts have subject-matter jurisdiction over a claim and the sovereign has been properly served, 28 U.S.C. .§ 1330[1]— and the relationship between the various provisions of the FSIA. It shows only that Congress believed that the contacts set forth in the immunity provisions satisfy due-process . requirements. That assessment does nothing to change the meaning of “direct effect.”
The House Report supports our conclusion that Congress intended that district courts exercise personal jurisdiction over a properly served foreign sovereign that performed an act outside the -United States in connection with a commercial activity if that act caused a direct effect- in the United States. It is a separate question whether Congress was correct in its assumption that this connection -satisfies due-process requirements. If there is a minimum-contacts'requirement for foreign sovereigns—a question-the Supreme Court has left open, see Republic of Argentina v. Weltover, 504 U.S. 607, 619, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992)—that issue is properly raised in a challenge to the district court’s personal jurisdiction over the foreign sovereign, not its subject-matter jurisdiction over the claim, and- a factual record would need to be developed accordingly. See Rein v. Socialist People’s Libyan Arab Jamahiriya, 162 F.3d 748, 760 n. 8 (2d Cir.19.98) (noting it is “possible that a foreign sovereign could be subject to subject matter jurisdiction under , the commercial activities exception without being within the personal jurisdiction of an American court”).
Thus, I agree that the. direct-effect requirement does not incorporate a minimum-contacts/due-process analysis.

. In full, 28 U.S.C. § 1330(a) and (b) provide:
(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title [in-eluding the commercial-activity exception, § 1605(a)(2)] or under any applicable international agreement.
(b) Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608’- of this title [the service-of-process provision].