NO. 07-11-0065-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 28, 2011

_____

AMERICAN PREFERRED SERVICES, INC., APPELLANT

V.

LADELL HARRISON, ON BEHALF OF MATTHEW C. ALLEN, JR.,
TEDDIE J. ALLEN, AND THE MATTHEW AND TEDDIE ALLEN
CHARITABLE REMAINDER ANNUITY TRUST, ET AL., APPELLEES

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 62,365-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**CONCURRING OPINION**

While concurring with the opinion of Chief Justice Quinn, I write separately to address the dissenting opinion of Justice Campbell. Relying upon *IRA Resources, Inc. v. Griego,* 221 S.W.3d 592 (Tex. 2007) (per curiam), and *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 576-79 (Tex. 2007), Justice Campbell concludes that Appellant, American Preferred Services, Inc. ("APS"), "did not otherwise purposefully

avail itself of the privilege of conducting activities within Texas, but that it simply was fortuitous that [Appellees] resided in our state." *American Preferred Services, Inc. v. Harrison*, No. 07-11-0065-CV, 2011 Tex.App. LEXIS ___, at *__ (Tex.App.--Amarillo Sept. 28, 2011, no pet. h.) (Campbell, J., dissenting). For the reasons to follow, I respectfully disagree.

Analysis

This case involves not only the distinction between the legal concepts of "specific jurisdiction" and "general jurisdiction," it also involves an analysis of the constitutional limits of specific jurisdiction *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Helicopteros Nacionales De Colom. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)*.*

The Texas long-arm statute authorizes personal jurisdiction over a nonresident defendant who "does business" in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042(1) (West 2008). The Due Process Clause of the Fourteenth Amendment, however, operates to limit the power of this state to assert such *in personam* jurisdiction over a nonresident defendant. *Helicopteros*, 466 U.S. at 413-14 (citing *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565, 5 Otto 714 (1878)). Consistent with this constitutional limitation, in order for the courts of this state to exercise adjudicatory authority over a nonresident defendant pursuant to this statute, that defendant must have constitutionally sufficient contacts with Texas "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 414

(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

As a general rule, a sovereign's exercise of adjudicatory authority, either general or specific, requires some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). *See also Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). When a nonresident defendant's in-state activities are "continuous and systematic," and when those activities are "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities," a court is said to be exercising "general jurisdiction" over that defendant. *International Shoe*, 326 U.S. at 317-18; *Helicopteros*, 466 U.S. at 414, n.9; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. ___, 131 S.Ct. 2846, 180 L.Ed.2d 796, 2011 U.S. LEXIS 4801 (2011). When a court exercises *in personam* jurisdiction over a nonresident defendant in a suit arising out of or related to that defendant's contacts with the forum state, that court is exercising "specific jurisdiction" over the defendant. *Helicopteros*, 466 U.S. at 414, n.8. Specific jurisdiction is implicated when the controversy in question arises from or relates to conduct purposely directed at the forum state and it depends on an "affiliatio[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum state and is therefore subject to that state's regulation. *Goodyear*, 131 S.Ct. at 2851 (quoting von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv. L. Rev. 1121, 1136 (1966)).

3

What appears to distinguish Chief Justice Quinn's opinion from Justice Campbell's opinion is whether the specific facts of this case sufficiently invoke the specific jurisdiction of the lower court. Chief Justice Quinn discusses the fact that APS worked with an intermediary, Lawrence Rasche, who traveled to Texas for the specific purpose of engaging in the business transaction that led to the creation of a charitable trust operated by the National Housing Foundation ("NHF") which eventually became the subject of this suit. Additionally, he discusses the fact that APS served as the administrator of the annuity program operated by NHF. Justice Campbell equates APS's involvement with the creation and administration of the contested annuity to the activities of the appellant in *IRA Resources, Inc.*, and then concludes that the lower court lacked specific jurisdiction.[1] I write for the purpose of clarifying that I do not believe that consideration of Rasche's activities is necessary to reach the conclusion that the lower court had specific jurisdiction.

This case is distinguishable from *IRA Resources, Inc.* in at least one significant manner. In *IRA Resources, Inc.,* the nonresident defendant was not involved in the formation of the business transaction that was the very essence of the dispute. Much like APS, *IRA Resources, Inc.* acted as the third-party administrator of the self-directed individual retirement account that was used to funnel money into an investment that was the real subject of the controversy. Unlike this case, *IRA Resources, Inc.* was not involved in the pre-investment business transaction. Here, APS was involved in the preparation of income flow "illustrations" and annuity creation documents purposely

---

[1]Justice Campbell specifically questions whether use of an "intermediary," as that term is used, is sufficient to invoke the special jurisdiction of the lower court. *American Preferred Services, Inc. v. Harrison*, No. 07-11-0065-CV, 2011 Tex.App. LEXIS ___, n.3., at *__ (Tex.App.--Amarillo Sept. 28, 2011, no pet. h.) (Campbell, J., dissenting).

directed to Texas residents for the purpose of inducing them to enter into a business transaction with NHF which would ultimately profit APS. Coupled with evidence that APS acted as NHF's administrator and stood ready to perform other ministerial duties related to the business transaction, I would find that APS purposely availed itself of the privilege of conducting activities within this state, thereby invoking the benefits and protections of its laws. Accordingly, I would find that the lower court did not err in finding that it had adjudicatory authority over APS by virtue of its specific jurisdiction.


Patrick A. Pirtle
Justice