NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH SAVERI LAW FIRM, INC., a California corporation; JOSEPH R. SAVERI, | No. 15-15534 |
| | D.C. No. 3:14-cv-01740-EDL |
| Plaintiffs-counter-defendants-Appellees, | |
| | MEMORANDUM* |
| v. | |
| MICHAEL E. CRIDEN, DBA Criden & Love, P.A., P.A., | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted April 20, 2017
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and FABER,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

This case concerns a referral-fee agreement dispute between two law firms. We exercise jurisdiction under 28 U.S.C. § 1291.

Our discussion commences, and as it turns out concludes, with personal jurisdiction. We review de novo the district court's decision on personal jurisdiction. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128 (9th Cir. 2003). Since California's long-arm statute enables "[state] courts" to "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States," Cal. Civ. Proc. Code § 410.10, the same standard applies when federal courts within California exercise personal jurisdiction. *See* Fed. R. Civ. P. 4(k). "When no federal statute specifically defines the extent of personal jurisdiction, we look to the law of the state where the district court sits—in this case, [California]." *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Whether due process allowed the district court for the Northern District of California to assert personal jurisdiction over Michael Criden dba Criden & Love, PA, a Florida law firm ("Appellant" or "Criden") is the same inquiry as whether due process would have allowed the *California* courts to assert personal jurisdiction over Criden.

Here, the parties do not dispute that the district court could not have "general or all-purpose jurisdiction" over Criden, the question is whether the district court properly exercised "specific or case-linked jurisdiction" over Criden. *Goodyear*

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  We analyze specific jurisdiction according to a three-prong test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must arise out of or result from the defendant's forum-related activities; and

(3) exercise of jurisdiction must be reasonable.

*Id.*; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *Menken*, 503 F.3d at 1056.  In contract cases, including cases arising out of the existence of a contract, purposeful availment, as opposed to purposeful direction, is the appropriate test.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015).  "A claim . . . as to the *existence* of a contract is an action sounding in contract."  *Picot*, 780 F.3d at 1212 (emphasis added); *see also Stanford Ranch v. Md. Cas. Co.*, 89 F.3d 618, 625 (9th Cir. 1996) ("[A] claim dependent on the existence of an underlying contract, sounds in contract, as opposed to tort.").  Here, the claims asserted in the complaint concern a dispute over whether an implied contract ever

existed and, if it did, what obligations it imposes on the parties. As a result, this is a contract case, where purposeful availment is the appropriate test.

Under the purposeful-availment test, "a contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008). Instead, there must be "actions by the defendant himself that create a 'substantial connection' with the forum State." *Burger King*, 471 U.S. at 475 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) (emphasis in original)). Merely "random, fortuitous, or attenuated" contacts are inadequate. *Burger King*, 471 U.S. at 475 (internal quotation marks omitted). A defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (citations and internal quotation marks omitted). "[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" could inform whether this conduct existed. *Burger King*, 471 U.S. at 479; *see also Picot*, 780 F.3d at 1212.

Joseph Saveri Law Firm, Inc. ("Appellees" or "Saveri") argues that the district court had personal jurisdiction over Criden because: (1) Criden sent an e-mail to Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") in California to create the contract; (2) Criden also sent two e-mails to Saveri trying to confirm

4

the alleged referral arrangement; (3) Criden initiated an American Arbitration Association ("AAA") proceeding against Plaintiffs, both California residents, in an effort to enforce the alleged contract; and (4) Saveri performed legal services within California.

First, the fact that Criden sent emails that were received in California does not establish personal jurisdiction since the "use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (citations and internal quotation marks omitted); *see also Sher*, 911 F.2d at 1362. Nor did Criden's emails to Saveri "promote[] the transaction of business" within California. *Sher*, 911 F.2d at 1362.

Second, Criden initiated an arbitration proceeding *before the AAA* against Plaintiffs, but in no material sense has Criden, in doing so, availed itself of the benefits and protections of *California's* laws. *See Church of Scientology of California v. Adams*, 584 F.2d 893, 896 (9th Cir. 1978) ("If a defendant is not present for all purposes in the forum, due process requires that jurisdiction be based on contacts which have some nexus to the cause of action alleged."). The AAA is not a California court—or court of any kind. As a result, those participating in an arbitration are not availing themselves of the benefits and protections of the state where the arbitration is occurring. Such contacts

5

quintessentially are "random, fortuitous, or attenuated." *Burger King*, 471 U.S. at 475 (internal quotation marks omitted). Moreover, this is especially true here since the arbitration was initiated in Florida, not California.

Third, Saveri's *own* activities in California cannot establish personal jurisdiction over Criden. Otherwise, a plaintiff could establish jurisdiction over a defendant through the *plaintiff's* own contractual performance within a forum state. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citations and internal quotation marks omitted). A plaintiff does not "satisfy the defendant-focused minimum contacts inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* at 1122 (citation and internal quotation marks omitted). In sum, since this suit fails the purposeful-availment test, the district court lacked personal jurisdiction over Criden.

Lastly, Criden never waived its right to contest the want of personal jurisdiction. Rule 12(h) requires "a party" to "raise any objections to personal jurisdiction in its first motion" or first responsive pleading. *Stewart v. Ragland*, 934 F.2d 1033, 1036 n.5 (9th Cir. 1991). Otherwise, the defense will be deemed to have been waived. As its first act, Criden filed its consent to adjudication by the Magistrate Judge on April 18, 2014. *See* Doc. No. 11, No. 3:14-cv-01740-EDL.

As its next act, Criden filed its Motion to Dismiss for Lack of Jurisdiction on May 13, 2014. *See* Doc. No. 15, No. 3:14-cv-01740-EDL. Since consent for adjudication is not a "motion" or a substantive answer to one within the *Stewart* context, 934 F.2d at 1036 n.5, Criden's filing its Motion to Dismiss for Lack of Jurisdiction when it did means that Criden raised its objection. And there are no "other factors militating in favor of a finding of waiver" in this case. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998).

**REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS.**